■ In the Matter of the Claim of OZZIE MOORE, Respondent. COUNTY OF MONROE, Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent.—Harvey, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 4, 1987, which ruled that claimant was entitled to receive unemployment insurance benefits.

When this appeal was first before us, this court withheld decision and remitted the matter to the Unemployment Insurance Appeal Board for further proceedings (144 AD2d 123). Claimant was originally disqualified from receiving unemployment insurance benefits by the local office because of his excessive absenteeism. The Administrative Law Judge reversed the initial determination, concluding that claimant's poor attendance at work did not constitute misconduct since it was related to claimant's alleged alcoholism. This finding was adopted by the Board and claimant's employer appealed that decision to this court. We remitted because there was insufficient evidence in the record to establish that (1) claimant is an alcoholic, (2) claimant's alcoholism caused the absenteeism for which he was terminated, and (3) claimant was available for and capable of employment (see, supra).

On remittal, a further hearing was held before the Board at which a representative for the employer and the Commissioner of Labor appeared. Although notified of the hearing, claimant did not appear. Thereafter, by decision dated June 15, 1989, the Board apparently rescinded its original December 4, 1987 decision in this matter, overruled the Administrative Law Judge's determination and sustained the initial determination of the local office disqualifying claimant for benefits. The Board held that there was insufficient evidence on the record to establish that claimant was suffering from alcoholism and concluded that claimant's termination was the result of misconduct. The matter is now back before us for final disposition of the appeal.

The appeal must be dismissed in view of the fact that the Board rescinded its original decision and found in favor of the employer, the appellant herein. Since the appellant has re-

ceived administratively all the relief this court could grant, the appeal must be dismissed as moot *(see, e.g., Matter of Abreu v Mann,* 150 AD2d 887). We reject claimant's contention that the Board acted improperly in rescinding its prior decision. It is well settled that the Board has continuing jurisdiction to reopen a case upon its own motion or upon application properly made to it *(Matter of Smalt [Ross],* 82 AD2d 958).

Appeal dismissed, as moot, without costs. Mahoney, P. J., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.