■ In the Matter of the Claim of KAREN K. FORD, Appellant. COMMISSIONER OF LABOR, Respondent. [803 NYS2d 207]—

Spain, J. Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed July 17, 2001, which denied claimant's application to reopen and reconsider a prior decision, and (2) from a letter written on behalf of the Board, dated July 7, 2003, which denied claimant's application to reopen and reconsider a prior decision.

Claimant's appeals represent the latest in a succession of challenges to a May 2001 decision of the Unemployment Insurance Appeal Board which denied her application for training adjustment assistance benefits under the federal Trade Act of 1974 (19 USC § 2102 *et seq.*).* This Court has since affirmed that decision as supported by substantial evidence (12 AD3d 955 [2004]). Claimant now appeals both the Board's July 2001 denial of her application to reopen and reconsider its May 2001 decision and a July 2003 letter from a Board staff member stating that the Board would not entertain a second application by claimant requesting the same relief.

Inasmuch as we have already considered and rejected the merits of claimant's appeal from the Board's May 2001 decision, we are limited on the present appeals to a determination of whether the Board's subsequent refusals to reopen and reconsider that decision constituted an abuse of discretion (*see Matter of Tucek [Big V Supermarkets—Commissioner of Labor]*, 277 AD2d 628, 629 [2000]; *Matter of Wolff [Commissioner of Labor]*, 252 AD2d 714 [1998]). Claimant, who points to no new evidence not already fully considered by the Board but, rather, bases her contentions on a fundamental misunderstanding of the Board's continuing jurisdictional authority to reopen prior decisions (*see* Labor Law § 534; 12 NYCRR 463.6; *Matter of Moore [County of Monroe—Hartnett]*, 155 AD2d 721, 722 [1989]), has failed to demonstrate such abuse here. Accordingly, we decline to disturb the Board's July 2001 decision denying claimant's application to reopen. With regard to claimant's subsequent attempt to obtain the same relief by appealing from the July 2003 letter, which was not issued by a Board member and merely references the July 2001 decision, we note that such document does not constitute an appealable decision by the Board and, therefore, claimant's appeal therefrom must be

* The underlying facts of this ongoing dispute are set forth in this Court's prior order settling the records in two other appeals by claimant (5 AD3d 929 [2004]).

dismissed (*see* Labor Law § 624; 12 NYCRR 460.3, 464.1; *Matter of Drummond v Desmond*, 295 AD2d 711, 713 [2002], *lv denied* 98 NY2d 615 [2002]).

Mercure, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the July 17, 2001 decision is affirmed, without costs. Ordered that the appeal from the July 7, 2003 letter is dismissed, without costs.