■ In the Matter of the Claim of QING YU, Appellant. COMMISSIONER OF LABOR, Respondent. [820 NYS2d 868]—Lahtinen, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 28, 2004, which ruled that claimant was ineligible to receive unemployment insurance benefits because she failed to comply with registration requirements.

Claimant worked as a salesperson for a cosmetics company for approximately seven months until she was separated from her employment in June 2004 under circumstances not at issue herein. She thereafter submitted a claim for unemployment insurance benefits in August 2004, with an effective date of July 26, 2004. Contending that her employer had failed to advise her that she was entitled to receive benefits immediately following

her separation from work, claimant subsequently requested that her claim be back-dated to June 28, 2004. In a decision filed on December 28, 2004, the Unemployment Insurance Appeal Board denied claimant's request on the basis that she did not comply with registration requirements. Claimant appeals.

While claimant's appeal was being perfected, she was paid the maximum amount of unemployment insurance benefits allowable for the given year. Thereafter, the Commissioner of Labor asked that the Board reopen and reconsider its December 28, 2004 decision disallowing back-dating of the claim, specifically seeking to withdraw its previous determination that claimant had failed to comply with registration requirements and, therefore, was ineligible for benefits effective June 28, 2004. In so moving, the Commissioner noted that such action would not result in any additional benefits being paid to claimant as she had already received the maximum amount allowed. The Board granted the Commissioner's application and rescinded its December 28, 2004 decision.

Inasmuch as the decision by which claimant contends on this appeal to be aggrieved has been fully rescinded by the Board, this matter has been rendered moot (*see Matter of Batavia Enclosures [Commissioner of Labor]*, 267 AD2d 671, 671 [1999]; *Matter of Greenbaum [Commissioner of Labor]*, 257 AD2d 931, 932 [1999]; *Matter of Moore [County of Monroe—Hartnett]*, 155 AD2d 721, 721 [1989]). To that end, upon review of the record, we find no circumstances warranting the application of the exception to the mootness doctrine (*see Matter of Batavia Enclosures [Commissioner of Labor]*, supra at 671).

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.