■ In the Matter of the Claim of LAURA M. CARTARIUS-MAC-RI, Appellant. COMMISSIONER OF LABOR, Respondent. [834 NYS2d 362]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 24, 2006, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as a senior keyboard specialist at a school from September 1998 until September 2005. In April and May 2005, she was on medical leave as a result of health issues related to anxiety and depression. She returned to work but felt overwhelmed with her job responsibilities and subsequently resigned from her position. Although she was initially found eligible to receive unemployment insurance benefits, her employer objected and the Unemployment Insurance Appeal Board ultimately disqualified her from receiving benefits on the ground that she voluntarily left her employment without good cause. Claimant appeals.

We affirm. "Inasmuch as claimant's resignation was not based upon the advice of a physician . . . and was done before affording the employer the opportunity to remedy the situation . . . the Board could find that she left her employment for personal and noncompelling reasons" (*Matter of Kubiak [Commissioner of Labor]*, 23 AD3d 980, 981 [2005] [citations omitted]). Claimant testified that, at the time of her resignation, she experienced chest pain as well as anxiety attacks and that her doctor had previously advised her to leave her job. She did not, however, initially report this to the Department of Labor, and the request for medical information questionnaire she provided after her resignation, which was signed by a physician's assistant, did not establish that her resignation was medically necessary (*see Matter of Sheldon [Commissioner of Labor]*, 29 AD3d 1143, 1144 [2006]; *Matter of Carlson [Commissioner of Labor]*, 307 AD2d 582, 583 [2003]). Furthermore, while the school principal stated that he took a number of measures to alleviate claimant's work load, including hiring a clerk to assist her, claimant resigned before the clerk started working. In view of the foregoing, substantial evidence supports the Board's finding that claimant left her employment for personal and noncompelling reasons.

Cardona, P.J., Crew III, Peters, Spain and Carpinello, JJ., concur. Ordered that the decision is affirmed, without costs.