◼ In the Matter of the Claim of CATHY A. PUCHALSKI, Appellant. COMMISSIONER OF LABOR, Respondent. [851 NYS2d 672]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 10, 2007, which, upon reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked for a grocery store as a bakery captain and cashier. In April 2005, she stopped working upon the advice of her doctor, who diagnosed her with tendonitis of the right hand, thumb and wrist. In October 2005, she notified the employer that she was seeing a specialist and would be out of work indefinitely. In January 2006, claimant informed the employer that she was cleared by her physician to return to work to a light duty assignment with certain restrictions. On March 9, 2006, the employer sent claimant a letter offering her a light duty position and placing her on the schedule for March 12, 2006. The letter further instructed claimant to call the store manager and indicated that her failure to return to work would

be considered a refusal of the offer. Claimant left messages for the store manager, but did not speak to him directly and did not report to work on March 12, 2006. As a result, her employment terminated. She applied for unemployment insurance benefits and, following extended proceedings, the Unemployment Insurance Appeal Board ruled that she was disqualified from receiving them because she voluntarily left her employment without good cause. The Board adhered to this decision upon reconsideration and this appeal ensued.

We affirm. The failure to return to work following an authorized absence may disqualify a claimant from receiving unemployment insurance benefits (*see Matter of Hill [Commissioner of Labor]*, 37 AD3d 931, 932 [2007], *lv denied* 9 NY3d 807 [2007]; *Matter of Martinez [Commissioner of Labor]*, 306 AD2d 745 [2003]), as may a claimant's failure to take reasonable steps to protect his or her employment (*see Matter of Wood [Commissioner of Labor]*, 36 AD3d 989 [2007]; *Matter of Warmsley [Commissioner of Labor]*, 32 AD3d 1059, 1060 [2006]). In the case at hand, claimant did not speak to the store manager as directed in the letter and did not report to work for her scheduled shift knowing that the failure to do so would be considered a rejection of the employer's offer of a light duty assignment. Under these circumstances, substantial evidence supports the Board's decision.

Cardona, P.J., Peters, Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the decision is affirmed, without costs.