In the Matter of the Claim of NANCY PERRONE, Appellant. COMMISSIONER OF LABOR, Respondent. [886 NYS2d 782]—

Peters, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 2, 2007, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant was employed as a customer service representative. On June 29, 2006—her fourth day of work—claimant left work and did not return, ostensibly because her asthma was aggravated by both the smell of smoke on a coworker and her occasional travel through an adjoining factory. The Unemployment Insurance Appeal Board ultimately disqualified claimant from receiving unemployment insurance benefits on the ground that she did not afford the employer an opportunity to address her concerns and had not established good cause for leaving her employment. Claimant appeals.

Claimant's appeal was not filed until December 11, 2007, more than 30 days after the Board's decision was mailed on November 2, 2007. Accordingly, claimant's appeal is untimely and must be dismissed (see Labor Law § 624; Matter of Cuccia [Martinez & Ritorto, P.C.—Commissioner of Labor], 55 AD3d 1115, 1116 [2008]). In any event, were we to reach the merits, substantial evidence in the record supports the Board's determination that claimant left her employment without good cause given her failure to "afford[ ] the employer an opportunity to look into the matter further and try to accommodate her medical needs" (Matter of Estrada [Commissioner of Labor], 261 AD2d 760 [1999]; see Matter of Kubiak [Commissioner of Labor], 23 AD3d 980, 981 [2005]).

Lastly, claimant takes issue with a separate determination by the Department of Labor, rendered shortly after the Board's decision, that charged her with a recoverable overpayment due to her allegedly concealing relevant facts and making false statements regarding her claim (see Labor Law § 597 [4]). Claimant has not appealed to us from that determination and, indeed, has sought review via the proper route (see Labor Law § 620). Regardless, the Department's determination is not an appealable decision of the Board and we are unable to review her

claims as a result (*see* Labor Law §§ 624, 626; *Matter of Ford [Commissioner of Labor]*, 21 AD3d 1227, 1227-1228 [2005]).

Cardona, P.J., Kavanagh, Stein and McCarthy, JJ., concur. Ordered that the appeal is dismissed, as untimely, without costs.