■ In the Matter of the Claim of BARBARA L. DePUY, Appellant. FAITH UNITED METHODIST CHURCH, Respondent; COMMISSIONER OF LABOR, Respondent. [915 NYS2d 402]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 26, 2010, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant worked as an administrative assistant at a church for approximately 14 months. She began to experience pain in her wrists from using the computer keyboard and sought medical treatment in July 2009 as a result. Her physician diagnosed her with tendinitis attributable to her work space positioning and recommended that her work setting be changed to alleviate the problem. Claimant tendered her resignation two weeks later. The Unemployment Insurance Appeal Board disqualified claimant from receiving unemployment insurance benefits on the ground that she voluntarily left her employment without good cause. Claimant appeals.

We affirm. Although claimant maintained that she was forced to resign from her position due to medical limitations presented by her wrists, she did not provide the employer with medical documentation substantiating her condition before she resigned; nor did she provide documentation establishing that she resigned upon the advice of her physician (*see Matter of Carlson [Commissioner of Labor]*, 307 AD2d 582, 583 [2003]; *Matter of Levinn [Commissioner of Labor]*, 249 AD2d 856, 857 [1998]). Furthermore, claimant did not protect her employment by giving the employer an opportunity to accommodate her medical needs (*see Matter of Perrone [Commissioner of Labor]*, 66 AD3d 1091, 1091 [2009]; *Matter of Estrada [Commissioner of Labor]*, 261 AD2d 760 [1999]). Under these circumstances, substantial evidence supports the Board's finding that claimant left her job without good cause and while continuing work was available.

Mercure, J.P., Spain, Lahtinen, Kavanagh and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.