In the Matter of the Claim of MICHELLE R. BELLINGER, Appellant. COMMISSIONER OF LABOR, Respondent. [960 NYS2d 752]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 18, 2011, which, among other things, ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.

Claimant reportedly injured her knee while working at a retail grocery store, of which she advised her manager at the end of her shift. The following day, she notified a member of the employer's safety committee of her injury and indicated that she would not be able to work her shift that day. She continued to stay out of work and, the following week, she told another manager that her knee was not improving and that she was going to see a doctor. Claimant obtained a form from the employer that her doctor completed indicating that claimant should stay off her leg for about two weeks after which she might be able to return to work on light duty. Claimant, however, continued to experience problems with her knee and later spoke with another manager who wanted claimant's doctor to complete a second form indicating when claimant could return to work. Claimant did not return to the doctor because she did not want to incur another copayment; she resigned from her position instead. She initially received unemployment insurance benefits, as well as emergency unemployment compensation benefits (*see* Pub L 110-252, tit IV, § 4001 *et seq.*, 122 US Stat 2323) and federal additional compensation benefits (*see* 26 USC § 3304). However, the Unemployment Insurance Appeal Board subsequently ruled that claimant was disqualified from receiving benefits because she voluntarily left her employment without good cause, and it charged her with a recoverable overpayment as well as imposed a forfeiture penalty. Claimant now appeals.

We affirm. While claimant maintains that she left her job due to her knee injury, she failed to provide medical documentation establishing that she resigned on the advice of her physician

nor did she provide the employer with an opportunity to accommodate her alleged medical limitations (*see Matter of DePuy [Faith United Methodist Church—Commissioner of Labor]*, 80 AD3d 1050, 1051 [2011]; *Matter of Cartarius-Macri [Commissioner of Labor]*, 39 AD3d 994, 995 [2007]; *Matter of Kubiak [Commissioner of Labor]*, 23 AD3d 980, 981 [2005]). Inasmuch as substantial evidence supports the Board's finding that claimant left her job for personal and noncompelling reasons, we decline to disturb its decision.

Mercure, J.P., Rose, Spain and McCarthy, JJ., concur. Ordered that the decision is affirmed, without costs.