*893 Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed August 15, 2011, as resettled by a decision filed August 25, 2011, and (2) from a decision of said Board, filed October 3, 2012, which, upon reopening and reconsideration, rescinded its prior decision and ruled, among other things, that claimant was ineligible to receive unemployment insurance benefits because she was not totally unemployed and disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
After initially filing an original claim for unemployment insurance benefits in 2006,[1] claimant applied for and received training approval under Labor Law § 599 while she attended graduate school in 2007 and 2008. As a graduate student, claimant participated in a work-study program where she earned $12 per hour and submitted signed time sheets documenting the hours and days that she worked each week. Nevertheless, despite being aware of her reporting obligations and admittedly receiving an information handbook, claimant did not report all of the work that she performed for her work-study position when certifying for unemployment insurance benefits. After completing her initial work-study project in February 2008, claimant was asked to continue working, but she declined due to her graduate school commitments and signed a resignation letter to that effect. Claimant failed to inform the Department of Labor that she left her employment.
Thereafter, by separate initial determinations, effective January 22, 2007 through May 20, 2007, and January 28, 2008 through February 24, 2008, claimant was, among other things, held to be ineligible to receive unemployment insurance benefits because she was not totally unemployed. Furthermore, by initial determination effective February 22, 2008, claimant was, among other things, found to be disqualified from receiving unemployment insurance benefits because she voluntarily separated from her employment without good cause. Following a hearing and decision by the Administrative Law Judge (hereinafter ALJ) sustaining the initial determinations, the Unemployment Insurance Appeal Board issued an August 2011 decision modifying certain findings of the ALJ and otherwise affirming. After claimant filed a notice of appeal to this Court, the Board, upon reconsideration, rescinded the prior August 2011 decision.[2] The *894 Board modified the total unemployment determinations with respect to certain weeks that claimant received benefits* [3] and otherwise affirmed the ALJ’s decision. In doing so, the Board also charged claimant with a recoverable overpayment and loss of future benefits during the applicable periods due to her willful misrepresentations regarding her work activities and schedule. Claimant appeals.
We affirm. There is substantial evidence in the record supporting the Board’s ruling that claimant lacked total unemployment and was ineligible to receive benefits for the periods at issue (see Matter of Rabess [Commissioner of Labor], 104 AD3d 988, 989 [2013]; Matter of Ramdhani [Commissioner of Labor], 98 AD3d 1183, 1184 [2012]), as well as the Board’s decision that claimant voluntarily separated from her work-study position without good cause (see Matter of Dowling [Commissioner of Labor], 21 AD3d 1210, 1210 [2005], lv denied 6 NY3d 702 [2005]). Moreover, given, among other things, the time cards that claimant submitted to the employer and her signed resignation letter, we find no basis to disturb the Board’s ruling that claimant made willful misrepresentations in order to receive benefits and, therefore, is subject to, among other things, a recoverable overpayment of benefits for the applicable periods (see Matter of Monserrate [Commissioner of Labor], 102 AD3d 1046, 1047 [2013]; Matter of Ramdhani [Commissioner of Labor], 98 AD3d at 1184).
Peters, P.J., Lahtinen, Stein and Spain, JJ., concur. Ordered that the appeal from the decision filed August 15, 2011 is dismissed, as moot, without costs.
Ordered that the decision filed October 3, 2012 is affirmed, without costs.

. The Board ruled that claimant only lacked total unemployment in the weeks ending January 28, 2007, February 11, 2007, April 1, 2007, May 20, 2007, February 3, 2008, February 10, 2008 and February 24, 2008.

. Claimant later filed original claims for benefits in November 2007 and July 2009.

. Inasmuch as it is undisputed that the Board’s original decision was fully rescinded in its October 2012 decision, claimant’s appeal from the August *894 2011 decision has been rendered moot and, accordingly, the appeal therefrom must be dismissed (see Matter of Qing Yu [Commissioner of Labor], 32 AD3d 1095, 1096 [2006]).