Matter of Komar (Commissioner of Labor) (2023 NY Slip Op 00895)

Matter of Komar (Commissioner of Labor)

2023 NY Slip Op 00895

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

533806
[*1]In the Matter of the Claim of Sondia Komar, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 10, 2023

Before:Garry, P.J., Lynch, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Sondia Komar, Flushing, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

Lynch, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 8, 2021, as superseded by a decision filed February 1, 2022, which denied claimant's application to reopen and reconsider a prior decision.
By decision filed September 6, 2018, the Unemployment Insurance Appeal Board affirmed a decision of the Administrative Law Judge finding, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause, charged her with a recoverable overpayment of benefits and reduced her right to receive future benefits on the basis that she made willful false statements to obtain benefits.[FN1] In December 2020, claimant applied to reopen that decision. The Board, in a decision filed February 8, 2021, denied the application to reopen. Claimant appealed from that decision. During the pendency of this appeal, the Board, by decision filed February 1, 2022, reopened and rescinded, among other things, the February 8, 2021 decision [FN2] and, finding no good cause to excuse claimant's delay of over two years in applying to reopen its September 6, 2018 decision, denied claimant's application.
Initially, we note that the merits of the February 1, 2022 decision are reviewable by this Court on the instant appeal as claimant is aggrieved by that decision "in essentially the same manner" as she was by the appealed-from decision (Matter of Ford [Commissioner of Labor], 12 AD3d 955, 955 [3d Dept 2004]; see Matter of Harry's Nurses Registry, Inc. [Commissioner of Labor], 171 AD3d 1410, 1411 n 1 [3d Dept 2019], lv denied 34 NY3d 907 [2020]; Matter of Tracy [Commissioner of Labor], 145 AD3d 1218, 1219 n [3d Dept 2016]; Matter of McCauley [Commissioner of Labor], 104 AD3d 973, 973 [3d Dept 2013]; but see Matter of Casiano [Commissioner of Labor], 108 AD3d 892, 893 n 2 [3d Dept 2013]; Matter of Qing Yu [Commissioner of Labor], 32 AD3d 1095, 1096 [3d Dept 2006]). To that end, "[w]hether to grant an application to reopen and reconsider a prior decision is a matter committed to the Board's discretion and, absent an abuse of that discretion, the Board's decision will not be disturbed" (Matter of Basil [Commissioner of Labor], 153 AD3d 1547, 1547 [3d Dept 2017]). Upon our review of the record and claimant's application, we find no basis upon which to conclude that the Board abused its discretion in denying claimant's application to reopen its September 6, 2018 decision (see Matter of Battaglia [Commissioner of Labor], 177 AD3d 1074, 1075 [3d Dept 2019]; Matter of Tanasa [Commissioner of Labor], 164 AD3d 998, 1000 [3d Dept 2018]; Matter of Brockman [Sweeney], 244 AD2d 687, 688 [3d Dept 1997]). To the extent that claimant challenges the underlying merits of the September 6, 2018 decision, such arguments are not properly before us (see Matter of Shaw [Commissioner of Labor], 197 AD3d 1451, 1451-1452 [3d Dept 2021]; Matter of Vitomsky [Commissioner of Labor], 171 AD3d 1388, 1389[*2][3d Dept 2019]).
Garry, P.J., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Although claimant appealed the Board's September 6, 2018 decision, it was not perfected.

Footnote 2: The February 8, 2021 decision, as well as a subsequent decision, were rescinded because they did not contain findings of fact or the reasons for denying claimant's applications to reopen (see Matter of Mercado [American Para Professional Sys. of NYC, Inc.—Commissioner of Labor], 175 AD3d 1734, 1736 [3d Dept 2019]).