Matter of Bury (Consumer Reports Inc.--Commissioner of Labor) (2024 NY Slip Op 04855)

Matter of Bury (Consumer Reports Inc.--Commissioner of Labor)

2024 NY Slip Op 04855

Decided on October 3, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 3, 2024

CV-23-1446
[*1]In the Matter of the Claim of Peter Bury, Appellant. Consumer Reports Inc., Respondent. Commissioner of Labor, Respondent.

Calendar Date:September 12, 2024

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Peter Bury, Hopewell Junction, appellant pro se.
Jackson Lewis PC, White Plains (Susan D. Friedfel of counsel), for Consumer Reports Inc., respondent.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for Commissioner of Labor, respondent.

Clark, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed January 12, 2023, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.
Claimant was employed as an acquisition agent for the employer, whose duties included purchasing and delivering a variety of products to be tested and reviewed. Due to the COVID-19 pandemic, claimant worked remotely from March 2020 until October 2021. As COVID-19 restrictions eased, claimant was informed that he was required to return to in-person work. However, in October 2021, claimant was placed on short-term disability leave based upon a medical diagnosis of anxiety and agoraphobia and was scheduled to return to work in April 2022. Upon expiration of his short-term disability leave, claimant, who wanted to continue working 100% remotely, was given the option of returning to work, applying for long-term disability leave at 60% pay or taking an unpaid leave of absence. Claimant did not return to work or avail himself of the other options, prompting the employer to conclude that he had voluntarily terminated his employment.
Claimant thereafter applied for unemployment insurance benefits. Although initially finding claimant eligible to receive unemployment insurance benefits, following the submission of additional information by the employer, the Department of Labor issued a revised determination finding that claimant was disqualified from receiving benefits. After a hearing, an Administrative Law Judge ruled that claimant was disqualified from receiving unemployment insurance benefits because he had voluntarily left his employment without good cause. The Unemployment Insurance Appeal Board affirmed.[FN1] Claimant appeals.
We affirm. "[A] claimant may be disqualified from receiving unemployment insurance benefits where he or she fails to return to work or to take reasonable steps to protect his or her employment following the expiration of an authorized leave of absence" (Matter of Cabrera [Commissioner of Labor], 215 AD3d 1208, 1210 [3d Dept 2023]; see Matter of Puchalski [Commissioner of Labor], 48 AD3d 868, 869 [3d Dept 2008]). Claimant did not return to work following the expiration of his short-term leave, did not apply for long-term disability leave or request an unpaid leave of absence. Further, there was no medical evidence that he was advised to leave his employment following the expiration of his short-term leave. As the record reflects that claimant did not return to work at the expiration of his leave of absence or take steps to protect his employment, including providing medical documentation that he was advised to not return to work, substantial evidence supports the Board's finding that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause (see Matter of Lamo [Commissioner of Labor], 205 AD3d 1297, 1298-1299 [3d Dept [*2]2022]; Matter of DePuy [Faith United Methodist Church-Commissioner of Labor], 80 AD3d 1050, 1051 [3d Dept 2011]; Matter of Denson [Commissioner of Labor], 34 AD3d 893, 893-894 [3d Dept 2006]; Matter of Kubiak [Commissioner of Labor], 23 AD3d 980, 981 [3d Dept 2005]). Claimant's remaining contentions have been reviewed and found to be without merit.
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant's subsequent application for reopening and reconsideration was denied.