Matter of Colon (Staffing Solutions Org. LLC--Commissioner of Labor) (2020 NY Slip Op 00656)





Matter of Colon (Staffing Solutions Org. LLC--Commissioner of Labor)


2020 NY Slip Op 00656


Decided on January 30, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 30, 2020

528844

[*1]In the Matter of the Claim of Venessa Colon, Appellant. Staffing Solutions Organization LLC, Respondent. Commissioner of Labor, Respondent.

Calendar Date: January 13, 2020

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Reynolds Fitzgerald, JJ.


Gleason, Dunn, Walsh & O'Shea, Albany (Lisa F. Joslin of counsel), for appellant.
Jackson Lewis PC, Albany (Kristi Rich Winters of counsel), for Staffing Solutions Organization LLC, respondent.



Reynolds Fitzgerald, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 19, 2018, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant resigned from her employment in January 2018, citing, among other things, a hostile work environment. Although the Department of Labor initially ruled that claimant was eligible to receive unemployment insurance benefits, the employer contested that determination and requested a hearing, at the conclusion of which an Administrative Law Judge (hereinafter ALJ) ruled that claimant voluntarily left her employment without good cause. In so doing, the ALJ expressly credited the testimony offered by the employer, concluding, among other things, that claimant's allegations of harassment were unsubstantiated and that the employer did not engage in retaliatory conduct by issuing claimant a warning in response to client complaints regarding deficiencies in claimant's work performance. The Unemployment Insurance Appeal Board affirmed the ALJ's decision, prompting this appeal.
We affirm. "Whether a claimant has voluntarily left employment for good cause is a factual determination to be made by the Board, and its decision will not be disturbed if supported by substantial evidence" (Matter of Rohde [Goshen Chamber of Commerce, Inc.-Commissioner of Labor], 175 AD3d 1715, 1716 [2019] [internal quotation marks and citations omitted]; accord Matter of Baxter [Commissioner of Labor], 162 AD3d 1451, 1452 [2018]). Notably, "issues of witness credibility, the evaluation of evidence and the inferences to be drawn therefrom are within the exclusive province of the Board" (Matter of Malone [Commissioner of Labor], 117 AD3d 1306, 1306 [2014] [internal quotation marks, brackets and citation omitted]; accord Matter of Campise [Commissioner of Labor], 150 AD3d 1523, 1524 [2017], lv dismissed 30 NY3d 1008 [2017], cert denied ___ US ___, 139 S Ct 639 [2018]).
Although claimant asserted that she had been constructively discharged due to, among other things, the employer's retaliatory response to claimant's allegations of sexual harassment and the employer's failure to pay claimant certain commissions purportedly due and owing, the Board did not find her credible. Quitting in anticipation of discharge (see Matter of Hull [Commissioner of Labor], 77 AD3d 1012, 1013 [2010]; Matter of Santiago [Commissioner of Labor], 308 AD2d 674, 674 [2003]) does not constitute good cause for leaving one's employment, and the Board was free to reject claimant's assertion that her work environment had become so intolerable as to justify her resignation (see Matter of Sheldon [Commissioner of Labor], 153 AD3d 1480, 1481 [2017]; Matter of Araman [Commissioner of Labor], 150 AD3d 1526, 1528 [2017]; Matter of Weeden [SC Choice Mgt. Corp./SC of Upstate NY-Commissioner of Labor], 121 AD3d 1138, 1139 [2014]; Matter of Malone [Commissioner of Labor], 117 AD3d 1306, 1306-1307 [2014]). Dissatisfaction with one's working conditions (see Matter of Schwartz [Commissioner of Labor], 164 AD3d 1582, 1583 [2018]) or wages (see Matter of Campise [Commissioner of Labor], 150 AD3d at 1524) and an inability to get along with a difficult supervisor or coworker (see Matter of Xavier [Commissioner of Labor], 172 AD3d 1812, 1813 [2019]; Matter of Dunlop [Commissioner of Labor], 62 AD3d 1186, 1186 [2009]) also do not qualify as good cause for resigning. To the extent that claimant argues that she received medical advice not to return to work, claimant's treating physician — at claimant's request — cleared claimant to return to work before she elected to resign, and the letter from claimant's therapist advising that claimant should not return to her former employment postdated claimant's resignation (cf. Matter of Gilyard [Commissioner of Labor], 170 AD3d 1419, 1420 [2019]). Finally, "[a]lthough fearing for one's safety may constitute reasonable cause for resigning, the record in this matter does not support claimant's contention that her physical well-being would have been jeopardized" by her continued employment (Matter of Gardiner [Commissioner of Labor], 272 AD2d 709, 709 [2000]). In short, the Board elected to credit the testimony of the employer's witnesses and, as the Board's decision is supported by substantial evidence, it will not be disturbed. Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Devine and Aarons, JJ., concur.
ORDERED that the decision is affirmed, without costs.