Matter of McBride (Commissioner of Labor) (2022 NY Slip Op 05252)

Matter of McBride (Commissioner of Labor)

2022 NY Slip Op 05252

Decided on September 22, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 22, 2022

534626
[*1]In the Matter of the Claim of Carol McBride, Appellant. Commissioner of Labor, Respondent.

Calendar Date:September 2, 2022

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ.

Carol McBride, Hannacroix, appellant pro se.
Letitia James, Attorney General, New York City (Marjorie S. Leff of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 10, 2021, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Following a verbal altercation with a coworker, claimant resigned from her position as the assessor for a municipality effective March 6, 2020. When claimant filed her subsequent application for unemployment insurance benefits, she indicated that she had been discharged for being unable to meet the standards for her position. The Department of Labor, among other things, disqualified claimant from receiving unemployment insurance benefits — finding that she had voluntarily left her employment without good cause — and charged her with a recoverable overpayment. Following a hearing, at which claimant and the coworker in question appeared and testified, an Administrative Law Judge (hereinafter ALJ) upheld the initial determination and, further, imposed a monetary penalty and forfeiture of eight effective days. Upon administrative review, the Unemployment Insurance Appeal Board affirmed, prompting this appeal.
We affirm. "Whether a claimant has good cause to leave employment is a factual issue for the Board to resolve and its determination will be upheld if supported by substantial evidence" (Matter of Trezza [Commissioner of Labor], 197 AD3d 1460, 1460 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]; see Matter of Lamo [Commissioner of Labor], 205 AD3d 1297, 1297-1298 [3d Dept 2022]). "In this regard, neither dissatisfaction with one's working conditions
. . . nor an inability to get along with one's supervisors or coworkers[] constitutes good cause for leaving one's employment" (Matter of Xavier [Commissioner of Labor], 172 AD3d 1812, 1813 [3d Dept 2019] [internal citations omitted]; see Matter of Colon [Staffing Solutions Org. LLC-Commissioner of Labor], 179 AD3d 1417, 1418 [3d Dept 2020]). Although the ALJ credited claimant's account of the underlying incident, finding that claimant's coworker indeed yelled at her in response to her request to postpone a particular meeting, both the ALJ and the Board were "free to reject claimant's assertion that her work environment had become so intolerable as to justify her resignation" (Matter of Colon [Staffing Solutions Org. LLC-Commissioner of Labor], 179 AD3d at 1418). Notably, although claimant did file a workplace violence form in response to the incident, she did not do so until three days after she tendered her letter of resignation, and claimant admittedly did not bring the incident to the attention of her supervisors prior to resigning, "thereby both depriving the employer of an opportunity to address the situation and failing to take reasonable steps to protect her employment" (Matter of Gilyard [Commissioner of Labor], 170 AD3d 1419, 1420 [3d Dept 2019]). Under these circumstances, substantial evidence supports [*2]the Board's finding that claimant voluntarily left her employment without good cause.
As to the recoverable overpayment, despite admittedly resigning from her position, claimant nonetheless indicated on her application for unemployment insurance benefits that she had been discharged due to an inability to meet the standards for her position. Although claimant continues to argue that she completed the application for benefits to the best of her ability, she conceded at the hearing that she knew that she would not be eligible for benefits if she indicated that she had quit her job. Accordingly, "we find no reason to disturb the Board's factual conclusion that claimant made willful misrepresentations to obtain benefits, or [its] resulting imposition of recoverable overpayments, forfeiture and penalties" (Matter of Mikheil [Commissioner of Labor], 206 AD3d 1422, 1425 [3d Dept 2022]; see Matter of Cunningham [Commissioner of Labor], 182 AD3d 887, 888 [3d Dept 2020]). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.