Matter of Tamanna (Commissioner of Labor) (2023 NY Slip Op 00903)

Matter of Tamanna (Commissioner of Labor)

2023 NY Slip Op 00903

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

534776
[*1]In the Matter of the Claim of Lipi Tamanna, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 12, 2023

Before:Garry, P.J., Egan Jr., Lynch, Pritzker and McShan, JJ.

New York Legal Assistance Group, New York City (Ciara Farrell of counsel), for appellant.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

Egan Jr., J.
Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed July 16, 2021, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause, and (2) from a decision of said Board, filed December 17, 2021, which, upon reconsideration, adhered to its decision.
Claimant was employed as a cashier at a fast food restaurant from approximately April 2019 until March 20, 2020. Claimant filed for unemployment insurance benefits, citing lack of work due to circumstances related to the COVID-19 pandemic as the reason her employment ended. Claimant ultimately received various amount of unemployment insurance benefits, Federal Pandemic Unemployment Compensation (see 15 USC §§ 9023, 9025) and lost wage assistance benefits (see 44 CFR 206.120). The Department of Labor subsequently disqualified claimant from receiving benefits, finding that she had voluntarily separated from her employment without good cause, charged her with recoverable overpayments of the unemployment insurance benefits received (see Labor Law §§ 593 [1]; 597 [1], [4]) and federal benefits (see 15 USC § 9023 [f] [2]; 44 CFR 206.120 [f] [5]), and imposed a civil penalty of $536.25 (see Labor Law § 594). Following a hearing, an Administrative Law Judge (hereinafter ALJ) upheld the determination disqualifying claimant from receiving benefits effective March 21, 2020 and charging her with recoverable overpayments. The Unemployment Insurance Appeal Board affirmed and, upon reconsideration, adhered to that decision. Claimant appeals from both Board decisions.
We affirm. "Whether a claimant has voluntarily left his or her employment without good cause is a factual issue for the Board to resolve and its decision will be upheld if supported by substantial evidence, despite evidence in the record that could support a contrary result" (Matter of Lamo [Commissioner of Labor], 205 AD3d 1297, 1297-1298 [3d Dept 2022] [citations omitted]; see Matter of McBride [Commissioner of Labor], 208 AD3d 1528, 1528 [3d Dept 2022]). Claimant testified that she was working three days per week when the employer reduced and then eliminated her work hours in March 2020 and, when she spoke to her assistant manager, she was told that she would not be put on the schedule until after the pandemic and was locked out of the online schedule application. The assistant manager testified, however, that claimant informed her that she would not be returning to work because she had small children and elderly in-laws living in her home and was scared and her husband did not want her to work during the pandemic. Claimant stated that her husband had purchased a home in Buffalo and she intended to move. The general manager testified that the assistant manager recounted this to him and, as a result, claimant was not put on the schedule after March 20, 2020. The testimony of the owner and managers established that [*2]there were no lay-offs or reductions in hours during that time period as the restaurant remained open and busy, albeit at reduced staffing levels, and many employees had stopped working and they were having difficulty adequately staffing the restaurant. Although claimant testified that she did not tell the assistant manager not to put her on the schedule or quit, and denied stating that she was moving to Buffalo, this created a credibility question for the ALJ and, ultimately, the Board to resolve. The ALJ and Board expressly discredited claimant's testimony that her work hours were reduced or that she was told they would be reduced or she would be taken off the schedule due to the pandemic, and found that she was never told not to come to work, and she was aware that continuing work was available to her and that the employer wanted her to continue to work.
"Pursuant to our limited review, this Court may not weigh conflicting evidence or substitute its own judgment, and if, as here, the findings turn on the credibility of witnesses, we may not substitute our perceptions for those of the [Board]" (Matter of Garcia [Museum of Modern Art Corp.—Commissioner of Labor], 171 AD3d 1384, 1385 [3d Dept 2019] [internal quotation marks and citations omitted]; accord Matter of Sanna [Island Props. & Assoc., LLC—Commissioner of Labor], 202 AD3d 1214, 1216 [3d Dept 2022]; see Matter of Hall [Floating Hosp., Inc.—Commissioner of Labor], 176 AD3d 1288, 1289 [3d Dept 2019]). Given the conflicting testimony, the questions regarding the circumstances under which claimant stopped working and whether she had good cause for doing so "presented a credibility issue that the Board was free to resolve in the employer's favor" (Matter of Frederick [Commissioner of Labor], 197 AD3d 1456, 1457 [3d Dept 2021] [internal quotation marks and citation omitted]). The Board adopted the findings of the ALJ expressly crediting the employer's witnesses that, in March 2020, the restaurant was short of help and did not lay off any employees including claimant, and that claimant voluntarily left her employment and did not return after March 20, 2020, at a time that all parties agreed the restaurant was busy. Although there was some inconsistency noted between the testimony of the employer's managers as to what claimant said and to whom, it did not concern the determinative finding that claimant communicated that she was leaving her employment, and voluntarily did so. Accordingly, we discern no basis upon which to disturb the Board's finding, which is supported by substantial evidence, that claimant voluntarily left her employment without good cause while continuing work was available, and she was therefore not entitled to unemployment insurance benefits (see Labor Law § 593 [1]; Matter of Lamo [Commissioner of Labor], 205 AD3d at 1298).
With regard to recoverable overpayments, substantial evidence further supports the Board's determination that claimant inaccurately represented that she [*3]was unemployed due to lack of work when applying for benefits when, in fact, she left under disqualifying circumstances (see Matter of Lamo [Commissioner of Labor], 205 AD3d at1298). "Accordingly, we find no reason to disturb the Board's factual conclusion that claimant made willful misrepresentations to obtain benefits, or its resulting imposition of recoverable overpayments, forfeiture and penalties" (Matter of McBride [Commissioner of Labor], 208 AD3d at 1529 [internal quotation marks, brackets and citations omitted]; see 15 USC §§ 9023 [f] [2]; 9025 [e] [2]; 44 CFR 206.120 [f] [5]; Labor Law § 594; Matter of Frederick [Commissioner of Labor], 197 AD3d at 1458).
Garry, P.J., Lynch, Pritzker and McShan, JJ., concur.
ORDERED that the decisions are affirmed, without costs.