Matter of Pabon (Hudson Val. Oral Surgery PLLC--Commissioner of Labor) (2023 NY Slip Op 00907)

Matter of Pabon (Hudson Val. Oral Surgery PLLC--Commissioner of Labor)

2023 NY Slip Op 00907

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

535038
[*1]In the Matter of the Claim of Jo A. Pabon, Appellant. Hudson Valley Oral Surgery PLLC, Respondent. Commissioner of Labor, Respondent.

Calendar Date:January 9, 2023

Before:Egan Jr., J.P., Clark, Pritzker, Ceresia and Fisher, JJ.

Jo A. Pabon, Warwick, appellant pro se.
Vigorito, Barker, Patterson, Nichols & Porter, LLP, Valhalla (Kenneth J. Burford of counsel), for Hudson Valley Oral Surgery PLLC, respondent.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.

Clark, J.
Appeals from two decisions of the Unemployment Insurance Appeal Board, filed August 12, 2021, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant was employed as an oral surgeon assistant when the office in which she worked shut down in March 2020 due to the COVID-19 pandemic. After the office reopened in June 2020, claimant returned to work for one day. At the conclusion of the workday, claimant informed the employer that she was leaving her employment, initially stating that she wanted to pursue other employment opportunities. Claimant later informed the employer that the reason she was leaving was that she was afraid of contracting the COVID-19 virus. The Department of Labor initially denied claimant's application for unemployment insurance benefits and charged her with a recoverable overpayment of Federal Pandemic Unemployment Compensation (hereinafter FPUC). Following a hearing, an Administrative Law Judge overruled the denial and concluded that claimant was eligible for benefits. The employer appealed, and, in two decisions filed on August 12, 2021, the Unemployment Insurance Appeal Board reversed, finding, among other things, that claimant had voluntarily left her employment without good cause and had a recoverable overpayment of FPUC. In a decision filed October 26, 2021, the Board, upon resettlement, reached the same conclusion. Claimant appeals.[FN1]
We affirm. Claimant challenges the Board's finding that she left her employment without good cause, contending that she left due to a fear of contracting the COVID-19 virus because of unsafe working conditions and a history of asthma. "Whether a claimant has good cause to leave employment is a factual issue for the Board to resolve and its determination will be upheld if supported by substantial evidence" (Matter of McBride [Commissioner of Labor], 208 AD3d 1528, 1528 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Vargas [Mason ESC LLC-Commissioner of Labor], 185 AD3d 1339, 1340 [3d Dept 2020]). "Objections to the environmental conditions in the workplace will not constitute good cause for leaving employment unless the claimant can show reasonable grounds for the perception that his or her personal safety or health would be endangered thereby" (Matter of Trezza [Commissioner of Labor], 197 AD3d 1460, 1460-1461 [3d Dept 2021] [internal quotation marks, brackets and citation omitted]).
During her testimony, claimant admitted that when she returned to work in June 2020, her employer provided her with an N-95 safety mask, a face shield, disposable gowns and gloves to wear as protection against the spread of COVID-19 and that she felt that she was adequately protected. Claimant was concerned, however, about the social distancing in the patient waiting room and that she had observed that some of her coworkers were not consistently wearing [*2]the gown and face shield throughout the day, although she did not testify that she observed any coworkers not wearing a mask.[FN2] Claimant admittedly did not voice any of her concerns to management or anyone else that day, "thereby both depriving the employer of an opportunity to address the situation and failing to take reasonable steps to protect her employment" (Matter of Gilyard [Commissioner of Labor], 170 AD3d 1419, 1420 [3d Dept 2019]; accord Matter of McBride [Commissioner of Labor], 208 AD3d at 1529). Moreover, the oral surgeon to whom claimant reported testified regarding the steps taken to ensure the safety of the staff and patients, including the provision of personal protective equipment, the taking of temperatures, the partition of the patient waiting room and the requirement that patients wait in their vehicles prior to their appointments. The surgeon further testified that claimant did not express any concerns to him regarding her health prior to leaving her employment.[FN3] In light of the foregoing, we find that claimant has not demonstrated that her health would have been endangered by continuing her employment. Accordingly, substantial evidence supports the Board's finding that claimant voluntarily left her employment without good cause (see Matter of Demarco [Commissioner of Labor], 211 AD3d 1279, 1280 [3d Dept 2022]; Matter of Trezza [Commissioner of Labor], 197 AD3d at 1461; Matter of Micara [Commissioner of Labor], 307 AD2d 568, 569 [3d Dept 2003]; Matter of Trzeciak [Adirondack Beverages Corp.-Commissioner of Labor], 298 AD2d 754, 755 [3d Dept 2002]), allowing for recoverable overpayments (see 15 USC § 9023 [f] [2]; Matter of Frederick [Commissioner of Labor], 197 AD3d 1456, 1458 [3d Dept 2021]).[FN4]
Egan Jr., J.P., Pritzker, Ceresia and Fisher, JJ., concur.
ORDERED that the decisions are affirmed, without costs.

Footnotes

Footnote 1: While claimant did not file a notice of appeal of the Board's October 26, 2021 decision, that decision is reviewable by this Court on claimant's pending appeals, inasmuch as it remains adverse to her and is substantially the same as the Board decisions filed on August 12, 2021 (see Matter of Brewton [Commissioner of Labor], 118 AD3d 1049, 1050 n [3d Dept 2014]).

Footnote 2: Claimant did have a concern that one of her coworkers was wearing a mask that appeared to be too big for her.
Footnote 3: Claimant did not support her claim of having a history of asthma with any medical evidence or provide any medical opinion that she should not return to work due to any medical condition.
Footnote 4: To the extent that claimant also challenges additional assessments of overpayments of FPUC and lost wage assistance relief above the initial assessment, those amounts were apparently assessed subsequent to the Board's decisions on appeal and are not properly before us.