Matter of Brozak (Commissioner of Labor) (2023 NY Slip Op 00904)

Matter of Brozak (Commissioner of Labor)

2023 NY Slip Op 00904

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

534900
[*1]In the Matter of the Claim of Mary Elizabeth Brozak, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 17, 2023

Before:Garry, P.J., Clark, Aarons, Reynolds Fitzgerald and McShan, JJ.

Mary Elizabeth Brozak, Hilton, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 29, 2022, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Following a three-day layoff in March 2020, claimant, an accounts payable representative, filed a claim for unemployment insurance benefits. Upon returning to work, claimant was assigned some of the job duties previously performed by another individual. Dissatisfied with her workload, claimant informed the employer on May 5, 2020 that she was leaving and thereafter reopened her claim for unemployment insurance benefits, citing, among other things, her increased job duties. The Department of Labor disqualified claimant from receiving unemployment insurance benefits upon the ground that she voluntarily left her employment without good cause and charged her with a recoverable overpayment of the benefits paid to her under the Coronavirus Aid, Relief and Security Act of 2020 (CARES Act) (see 15 USC § 9021, as added by Pub L 116-136, 134 US Stat 281, 313). Following a hearing, an Administrative Law Judge (hereinafter ALJ) upheld the determination. Upon administrative appeal, the Unemployment Insurance Appeal Board affirmed the ALJ's decision, prompting this appeal by claimant.
We affirm. Preliminarily, to the extent that claimant now contends that she would have fared better had she been represented by counsel and afforded additional time to prepare for the underlying hearing, the notice of hearing expressly advised claimant of her right to be represented at the hearing by anyone of her choosing, and claimant made no mention of her desire to retain counsel at the start of the hearing — opting instead to have her spouse serve as her representative (see e.g. Matter of Grabois [A Taylored Affair, LLC—Commissioner of Labor], 187 AD3d 1261, 1264 [3d Dept 2020], lv dismissed 36 NY3d 1081 [2021]). Claimant also expressly declined the ALJ's offers of an adjournment and assistance in subpoenaing witnesses. Hence, we are satisfied that claimant was afforded due process.
"Whether a claimant has good cause to leave employment is a factual issue for the Board to resolve and its determination will be upheld if supported by substantial evidence" (Matter of McBride [Commissioner of Labor], 208 AD3d 1528, 1528 [3d Dept 2022] [internal quotation marks and citations omitted]; see Matter of Frederick [Commissioner of Labor], 197 AD3d 1456, 1457 [3d Dept 2021]). In this regard, neither generalized dissatisfaction with one's working conditions (see Matter of Colon [Staffing Solutions Org. LLC—Commissioner of Labor], 179 AD3d 1417, 1418 [3d Dept 2020]), salary (see Matter of Poulin [Commissioner of Labor], 131 AD3d 1319, 1319 [3d Dept 2015]), job duties (see Matter of Xavier [Commissioner of Labor], 172 AD3d 1812, 1813 [3d Dept 2019]) nor workload (see Matter of Harris [Commissioner of Labor], 71 AD3d 1223, 1224[*2][3d Dept 2010]) constitutes good cause for leaving one's employment. On the morning that she quit, claimant was advised by the office manager that she was on her way to a meeting to address claimant's workload — specifically, "about making things easier" for claimant and others. Additionally, claimant acknowledged that another representative of the employer, upon learning of claimant's desire to leave, urged her to be patient as changes would be forthcoming. Instead of awaiting the outcome of the meeting, claimant, who despite her additional duties still was only working 40 hours per week, quit. Although claimant testified that she was stressed and physically exhausted by her work situation, she acknowledged that she did not receive medical advice to leave her employment (see Matter of Gilyard [Commissioner of Labor], 170 AD3d 1419, 1420 [3d Dept 2019]). Under these circumstances, substantial evidence supports the Board's finding that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
We reach a similar conclusion regarding the assessment of the recoverable overpayments. As claimant was ineligible to receive unemployment insurance benefits, the pandemic relief benefits paid to her were properly recoverable (see 15 USC § 9023 [f] [2]; 44 CFR 206.120 [f] [5]; Matter of Frederick [Commissioner of Labor], 197 AD3d at 1458). Claimant's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Garry, P.J., Clark, Aarons and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.