Matter of Ivanova (Commissioner of Labor) (2023 NY Slip Op 02569)

Matter of Ivanova (Commissioner of Labor)

2023 NY Slip Op 02569

Decided on May 11, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 11, 2023

535235
[*1]In the Matter of the Claim of Elena O. Ivanova, Appellant. Commissioner of Labor, Respondent.

Calendar Date:May 2, 2023

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Fisher and McShan, JJ.

New York Legal Assistance Group, New York City (Ciara M. Farrell of counsel), for appellant.
Letitia James, Attorney General, New York City (Mary Hughes of counsel), for respondent.

Fisher, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed September 21, 2021, which denied claimant's application to reopen and/or reconsider a prior decision.
After claimant filed a claim for unemployment insurance benefits in March 2020, she was hired as a cashier at a grocery store and worked on April 6 and 7, 2020. Thereafter, without notice to the employer, claimant did not return to work due to her safety concerns related to the pandemic caused by the novel coronavirus known as COVID-19. In certifying for benefits on April 15, claimant indicated that she did not work any days for the week ending April 12.
In a combined decision filed June 1, 2021, the Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits, effective April 8, 2020, on the basis that she voluntarily separated from her employment without good cause, charged her with a recoverable overpayment of state and Federal Pandemic Unemployment Compensation (hereinafter FPUC) benefits and, based on a finding that she made a willful false statement to receive benefits, reduced her future benefit days and remitted the matter to the Department of Labor for recalculation of a monetary civil penalty. In addition, the Board found claimant to be ineligible for unemployment insurance benefits, effective April 6 through April 12, 2020, on the basis that she was not totally unemployed, charged her with a recoverable overpayment of benefits and, based upon a finding that she made willful false statements to receive those benefits, reduced her future benefits days and referred the monetary civil penalty back to the Department of Labor for recalculation. Further, the Board, rejecting claimant's contention that the Administrative Law Judge inappropriately weighed relevant evidence or precluded material evidence from being presented, found that the parties were accorded a full and fair opportunity to present their case on all issues. Claimant's subsequent application for reopening and/or reconsideration was denied by decision filed September 21, 2021. This appeal ensued.[FN1]
We affirm. Initially, claimant does not appear to dispute the fact that she was not totally unemployed during the week of April 12, 2020. Claimant does challenge, however, that part of the Board's decision finding that she voluntarily left her employment as a cashier without good cause. Whether a claimant voluntarily left employment without good cause is a question of fact for the Board to resolve and its decision will not be disturbed if supported by substantial evidence (see Matter of Demarco [Commissioner of Labor], 211 AD3d 1279, 1279 [3d Dept 2022]; Matter of Lamo [Commissioner of Labor], 205 AD3d 1297, 1297-1298 [3d Dept 2022])."Objections to the environmental conditions in the workplace will not constitute good cause for leaving employment unless the claimant can show reasonable grounds for the perception that his or her personal safety or health [*2]would be endangered thereby" (Matter of Trezza [Commissioner of Labor], 197 AD3d 1460, 1460-1461 [3d Dept 2021] [internal quotation marks, brackets and citations omitted]).
Claimant testified that she left the cashier position after two days out of fear for her health and safety, asserting that the employer's pandemic safety measures were not explained because she was not provided with disinfectant or a mask nor were social distancing measures implemented. The employer's vice president testified, however, that, during the relevant time period, the employer had in place various safety protocols consistent with government guidelines, including requiring all employees to wear masks which were available to any employee upon request, cleaning the store every four to six hours, providing disinfectant wipes and spray near all cash registers which were replenished upon request, limiting the number of customers in store and setting up a single line — with socially-distant markers — for customers waiting to check out. He further testified that the cash registers were located five to six feet apart, that assistant managers were available and located near the cash registers to supervise operations and that he visited the store at least twice a week to ensure that health and safety measures were being followed. Claimant admittedly did not raise her concerns regarding the COVID-19 safety measures with the employer, "thereby both depriving the employer of an opportunity to address the situation and failing to take reasonable steps to protect her employment" (Matter of Pabon [Hudson Val. Oral Surgery PLLC-Commissioner of Labor], 213 AD3d 1114, 1116 [3d Dept 2023] [internal quotation marks and citation omitted]; accord Matter of McBride [Commissioner of Labor], 208 AD3d 1528, 1529 [3d Dept 2022]). In light of the foregoing, substantial evidence supports the Board's finding that claimant voluntarily left her employment without good cause (see Labor Law § 593 [1]; Matter of Pabon [Hudson Val. Oral Surgery PLLC-Commissioner of Labor], 213 AD3d at 1115-1116).
To the extent that claimant challenges the recoverable overpayment of state and federal benefits, claimant does not dispute that she worked on April 6 and 7, 2020 for the employer, yet certified that she worked no days for the week ending April 12 and did not disclose such employment to the Department of Labor. Notwithstanding claimant's belief that such employment was not "valid," we find no basis to disturb the Board's finding that claimant made a willful false statement in certifying and obtaining benefits, nor in its imposition of a recoverable overpayment of state unemployment insurance benefits and FPUC payments, forfeiture of future benefit days and penalties (see Labor Law § 594; 15 USC § 9023 [f] [1]; Matter of Lefkow [Commissioner of Labor], 208 AD3d 1408, 1410 [3d Dept 2022]).
We do note, however, that the Board, in its September 21, 2021 decision, erroneously indicates that claimant is charged with [*3]a recoverable overpayment of "$1,800 in Lost Wages Assistance benefits." As there is no dispute that claimant did not receive such benefits, we modify the Board's decision by deleting any reference thereto. To the extent that claimant asserts that she is eligible for Pandemic Unemployment Assistance benefits — which, according to claimant, would thereby negate any recovery of FPUC benefits and related penalties — and requests remand for a determination thereof, such issue is not properly before this Court nor is remittal the proper basis upon which to have such issue reviewed (see Labor Law §§ 624, 626; see e.g. Matter of Perrone [Commissioner of Labor], 66 AD3d 1091, 1091-1092 [3d Dept 2009]). Claimant's remaining contentions, including that she was denied due process, that the decision was based upon hearsay evidence and that the employer's alleged violation of Labor Law § 195 constituted good cause for leaving her employment, have been reviewed and found to be without merit.
Aarons, J.P., Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the decision is modified, without costs, by reversing so much thereof as found a recoverable overpayment of $1,800 in Lost Wages Assistance benefits; and, as so modified, affirmed.

Footnotes

Footnote 1: Because claimant's application for reopening and/or reconsideration was filed within 30 days of the Board's June 2021 decision, the merits of the underlying claim are properly before us (see Matter of Arrigo [Commissioner of Labor], 211 AD3d 1287, 1288 n [3d Dept 2022]).