Matter of Parks (Commissioner of Labor) (2023 NY Slip Op 04470)

Matter of Parks (Commissioner of Labor)

2023 NY Slip Op 04470

Decided on August 31, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:August 31, 2023

535989
[*1]In the Matter of the Claim of Bryant Parks, Appellant. Commissioner of Labor, Respondent.

Calendar Date:August 17, 2023

Before:Garry, P.J., Egan Jr., Clark, Fisher and McShan, JJ.

Bryant Parks, New York City, appellant pro se.
Letitia James, Attorney General, New York City (Dawn A. Foshee of counsel), for respondent.

Garry, P.J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 21, 2022, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.
Claimant, a security guard for the employer, a major medical center, was advised by the employer in early September 2021 that, in order to maintain his employment, he was required to be vaccinated against COVID-19. After claimant's request for an exemption based upon his religious beliefs was denied, he was put on unpaid leave, and, when he failed to provide proof of vaccination by the required deadline, his employment was terminated on October 30, 2021. The Department of Labor issued an initial determination finding, among other things, that claimant was disqualified from receiving unemployment insurance benefits because he had voluntarily separated from his employment without good cause. After a hearing, an Administrative Law Judge affirmed the denial of benefits. The Unemployment Insurance Appeal Board affirmed, prompting claimant's appeal.
We affirm. "Whether a claimant has good cause to leave employment is a factual issue for the Board to resolve[,] and its determination will be upheld if supported by substantial evidence," notwithstanding evidence in the record that might support a contrary conclusion (Matter of Brozak [Commissioner of Labor], 213 AD3d 1107, 1108 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Pabon [Hudson Val. Oral Surgery PLLC-Commissioner of Labor], 213 AD3d 1114, 1115 [3d Dept 2023]; Matter of Iwuchukwu [Active Transp. Servs.-Commissioner of Labor], 213 AD3d 1043, 1045 [3d Dept 2023]). Claimant testified that he worked as a security officer throughout the hospital, interacting with employees, patients and visitors. He was advised that getting the COVID-19 vaccine was a condition of his employment and that he would be terminated if he failed to do so; he declined to comply with that condition based upon his asserted personal religious beliefs.
Claimant was advised prior to the termination of his employment that state law provided that hospitals and other specified healthcare entities require that certain defined personnel, including employees, be vaccinated against COVID-19 (see 10 NYCRR 2.61). Claimant does not dispute that he fell under the definition of "personnel" to whom the vaccine mandate applied (10 NYCRR 2.61 [a] [2]; [c]). Although claimant refused to comply with the mandate for personal reasons that he characterized as based upon his religious beliefs, the state mandate did not authorize a religious exemption.[FN1] Contrary to claimant's contention that the vaccine mandate violates his First Amendment [FN2] religious and other constitutional rights, religious beliefs do not excuse compliance with a valid, religion-neutral law of general applicability that prohibits conduct that the state is free to regulate, as the Board recognized (see Employment [*2]Div., Dept. of Human Resources of Ore. v Smith, 494 US 872, 878-880 [1990] ["We have never held that an individual's religious beliefs excuse him (or her) from compliance with an otherwise valid law prohibiting conduct that the (s)tate is free to regulate"]; Catholic Charities of Diocese of Albany v Serio, 7 NY3d 510, 521-522 [2006], cert denied 552 US 816 [2007]; Roman Catholic Diocese of Albany v Vullo, 206 AD3d 1074, 1074-1075 [3d Dept 2022], lv denied 39 NY3d 1060 [2023]; F.F. v State of New York, 194 AD3d 80, 84-88 [3d Dept 2021], appeal dismissed & lv denied 37 NY3d 1040 [2021], cert denied ___ US ___, 142 S Ct 2738 [2022]). The mandate does not target religious beliefs, and where, as here, prohibiting the exercise of religion "is not the object . . . but merely the incidental effect of a generally applicable and otherwise valid provision, the First Amendment has not been offended" (Employment Div., Dept. of Human Resources of Ore. v Smith, 494 US at 878; see Catholic Charities of Diocese of Albany v Serio, 7 NY3d at 522; compare Fulton v Philadelphia, 593 US ___, ___, 141 S Ct 1868, 1876-1877 [2021]; Hobbie v Unemployment Appeals Comm'n of Fla., 480 US 136, 139-142 [1987]). When employment is terminated as a consequence of the failure to comply with such a law, including noncompliance with a religious motivation, the First Amendment does not prohibit the denial of unemployment insurance benefits based upon that noncompliance where, as here, the mandate has a rational public-health basis and is justified by a compelling government interest (see Employment Div., Dept. of Human Resources of Ore. v Smith, 494 USat 876, 879, 882-883, 888-890).[FN3]
Claimant does not argue that the subject regulation was not generally applicable or religion neutral, nor that the state lacked the authority to regulate the healthcare industry and facilities amidst a global pandemic. The Second Circuit Court of Appeals recently denied injunctive relief in a constitutional challenge by healthcare personnel who objected to this vaccine mandate on religious grounds based upon, among other claims, the fact that it affords a medical but not a religious exemption, finding that the healthcare personnel had not made the requisite showing of unconstitutionality under Employment Div., Dept. of Human Resources of Ore. v Smith (494 US 872), i.e., they failed to show that the mandate is not a neutral rule of general applicability (see We the Patriots USA, Inc. v Hochul, 17 F4th 266, 272-274, 280-290 [2d Cir 2021], clarified 17 F4th 368 [2d Cir 2021], cert denied ___ US ___, 142 S Ct 2569 [2022]).[FN4]
Finally, claimant requests that this Court take judicial notice of Medical Professionals for Informed Consent v Bassett (78 Misc 3d 482 [Sup Ct, Onondaga County 2023]), which declared that the operative New York rule leading to his termination is null, void and of no effect (id. at 492). However, we find claimant's argument unpersuasive under these circumstances (see Algarin v NYC Health [*3]+ Hosps. Corp., ___ F Supp 3d ___, ___, 2023 WL 4157164, *9, 2023 US Dist LEXIS 108666, *24-26 [SD NY 2023]). Given the foregoing, substantial evidence supports the Board's finding that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause (see Labor Law § 593 [1]).
Egan Jr., Clark, Fisher and McShan, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The regulation includes a limited medical exemption (see 10 NYCRR 2.61 [d]).

Footnote 2: The First Amendment is binding on the state pursuant to the Fourteenth Amendment (see Shelton v Tucker, 364 US 479, 487 [1960]; Matter of Gifford v McCarthy, 137 AD3d 30, 38 [3d Dept 2016]).

Footnote 3: Given that this is not a direct constitutional challenge to the vaccine mandate but, rather, a challenge to the denial of unemployment insurance benefits based upon religiously-motivated noncompliance with that mandate, we need not decide what the appropriate level of scrutiny is for a constitutional challenge to this regulatory mandate (see We the Patriots USA, Inc. v Hochul, 17 F4th 266, 280-281 [2d Cir 2021], clarified 17 F4th 368 [2d Cir 2021], cert denied ___ US ___, 142 S Ct 2569 [2022]).

Footnote 4: The Second Circuit clarified that it may be possible for an employer to accommodate, rather than exempt, a religious objection to the vaccine mandate by employing the employee in a capacity that removes them from the definition of "personnel" (10 NYCRR 2.61 [a] [2]; see We the Patriots USA, Inc. v Hochul, 17 F4th 368, 370 [2d Cir 2021]).