Matter of Antonaros (Commissioner of Labor) (2024 NY Slip Op 00217)

Matter of Antonaros (Commissioner of Labor)

2024 NY Slip Op 00217

Decided on January 18, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:January 18, 2024

CV-23-0001
[*1]In the Matter of the Claim of Diana Antonaros, Appellant. Commissioner of Labor, Respondent.

Calendar Date:November 16, 2023

Before:Egan Jr., J.P., Clark, Aarons, Ceresia and Mackey, JJ.

Diana Antonaros, Staten Island, appellant pro se.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for respondent.

Aarons, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 23, 2022, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant, a full-time teacher's assistant at a private Catholic school in New York City, was advised by the Archdiocese in a letter dated September 24, 2021 that, pursuant to an order of the New York City Department of Health and Mental Hygiene pertaining to all New York City Department of Education (hereinafter NYCDOE) employees and its contractors, which included claimant, she was required to be vaccinated against COVID-19 by September 27, 2021 in order to maintain her employment. When claimant failed to provide proof of vaccination by the deadline, she was deemed by her employer to be unable to meet an essential function of her job as of September 28, 2021. The Department of Labor issued an initial determination finding, among other things, that, due to claimant's failure to receive the vaccine, she was considered to have "quit without good cause." Accordingly, claimant was disqualified from receiving unemployment insurance benefits because she had voluntarily separated from her employment without good cause.[FN1] Following a hearing, an Administrative Law Judge (hereinafter ALJ) upheld the denial of benefits, finding that claimant had voluntarily left her employment without good cause.[FN2] The Unemployment Insurance Appeal Board affirmed the ALJ's determination, and claimant appeals.
"Whether a claimant has good cause to leave employment is a factual issue for the Board to resolve and its determination will be upheld if supported by substantial evidence" (Matter of McBride [Commissioner of Labor], 208 AD3d 1528, 1528 [3d Dept 2022] [internal quotation marks and citations omitted]). Claimant contends, among other things, that she was not provided enough time to comply with the vaccination mandate. We agree. The record reflects that, on the afternoon of Thursday, September 23, 2021, claimant received an email from the employer's assistant principal. In the email, the assistant principal stated that she was unsure if claimant, and the other recipients of the email, "had been following along with the news stories concerning the [NYCDOE] teachers and staff being mandated to get at least one dose of the COVID vaccine by Monday[, September 27, 2021]." The email further stated that the mandate "will also include [NYCDOE] programs outside of the public schools" but that "[a]t the time of this email, we do not have any guidance on this mandate and what it will mean to us right now," although claimant was "strongly encourage[d]" to consider getting the vaccine. The following day, Friday, September 24, 2021, the Archdiocese sent a letter advising those individuals working in the Universal Pre-K Program, including claimant, that the Archdiocese had just been notified that day that the mandate applied to them, and that they [*2]were required to get vaccinated by the end of business on Monday, September 27, 2021.[FN3]
Claimant testified that she was unsure about the safety of getting the vaccine and wanted to speak with her doctor first, especially because she had already contracted COVID-19 and believed she may have built up an immunity. Claimant, however, was unable to reach her doctor because it was the weekend. According to claimant, on Monday, September 27, 2021, she and four other Universal Pre-K Program workers met with the school principal and told him that they had not been provided enough time to comply with the mandate and asked for an extension. Claimant further testified that she informed the principal that the Department of Health and Mental Hygiene had just extended the September 27, 2021 deadline for NYCDOE employees and contractors to get the vaccination by one week, and that she asked the principal for the same extension. Claimant testified that the principal denied the request and claimant was deemed ineligible to provide services on September 28, 2021. Although claimant testified that she was unsure about whether to get the vaccine, when she was asked, hypothetically, if she would have gotten the vaccine to keep her job if she had been provided more time, she testified that she would have if she "knew it was safe" and that she "probably" would have, provided she was given an opportunity to consult with her doctor. Even crediting the ALJ's finding that claimant was notified on September 23, 2021 about the possibility of a vaccine requirement, providing claimant with only four days, two of which were weekend days, to comply with the vaccination mandate was unreasonable. In light of this finding, the Board's decision that claimant voluntarily left her employment without good cause is not supported by substantial evidence and must be reversed (see Matter of Oliver [Commissioner of Labor], 196 AD3d 966, 968 [3d Dept 2021]; Matter of Hicks [Commissioner of Labor], 7 AD3d 861, 862 [3d Dept 2004]). Inasmuch as the Board did not address whether claimant was terminated for misconduct, we remit the matter for the Board's consideration.
Egan Jr., J.P., Clark, Ceresia and Mackey, JJ., concur.
ORDERED that the decision is reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The Department also determined that claimant was ineligible to collect benefits because she was terminated due to misconduct based on her failure to get the vaccine as required by the employer.

Footnote 2: In light of this finding, the ALJ did not address whether claimant had been terminated due to misconduct.

Footnote 3: Although the employer's witness, the human resource coordinator, testified that she "believe[d]" that claimant had been notified by her principal in early September 2021 that the mandate applied to her, this testimony is contradicted by the assistant principal's September 23, 2021 email and the letter from the Archdiocese on September 24, 2021.