Matter of Pope (Commissioner of Labor) (2024 NY Slip Op 00667)

Matter of Pope (Commissioner of Labor)

2024 NY Slip Op 00667

Decided on February 8, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 8, 2024

CV-23-0844
[*1]In the Matter of the Claim of Patricia Pope, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 5, 2024

Before:Aarons, J.P., Lynch, Reynolds Fitzgerald, Fisher and Powers, JJ.

Patricia Pope, South Richmond Hill, appellant pro se.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 6, 2023, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant, one of three personal care assistants assigned to the client, informed the client that she was quitting because the work "was getting to be too much" and filed a claim for unemployment insurance benefits. The Department of Labor issued an initial determination disqualifying claimant from receiving unemployment insurance benefits because she voluntarily left her employment without good cause. Following a hearing, an Administrative Law Judge upheld the denial and, upon claimant's administrative appeal, the Unemployment Insurance Appeal Board affirmed. This appeal by claimant ensued.
We affirm. "Whether a claimant has good cause to leave his or her employment is a factual question for the Board to resolve and its decision will not be disturbed if supported by substantial evidence" (Matter of Rial [Commissioner of Labor], 217 AD3d 1305, 1305 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Pabon [Hudson Val. Oral Surgery PLLC-Commissioner of Labor], 213 AD3d 1114, 1115 [3d Dept 2023]; Matter of Vargas [Mason ESC LLC-Commissioner of Labor], 185 AD3d 1339, 1340 [3d Dept 2020]). Notably, "neither generalized dissatisfaction with one's working conditions, salary, job duties nor workload constitutes good cause for leaving one's employment" (Matter of Brozak [Commissioner of Labor], 213 AD3d 1107, 1108 [3d Dept 2023] [internal citations omitted]; see Matter of Xavier [Commissioner of Labor], 172 AD3d 1812, 1813 [3d Dept 2019]; Matter of Schwartz [Commissioner of Labor], 164 AD3d 1582, 1583 [3d Dept 2018]). Claimant, who initially worked part time, acknowledged that she agreed to take on additional hours after one of the other assistants became unavailable and, therefore, she continued to work on nearly a full-time basis for several months. Claimant further conceded that she did not express dissatisfaction with her work schedule or request a reduction in hours prior to informing the client that she was quitting (see Matter of Rial [Commissioner of Labor], 217 AD3d at 1305; Matter of Crawford [Commissioner of Labor], 54 AD3d 1120, 1121 [3d Dept 2008]), "thereby both depriving the employer of an opportunity to address the situation and failing to take reasonable steps to protect her employment" (Matter of Pabon [Hudson Val. Oral Surgery PLLC-Commissioner of Labor], 213 AD3d at 1116 [internal quotation marks and citation omitted]; see Matter of Falcone [Commissioner of Labor], 108 AD3d 917, 918 [3d Dept 2013]; Matter of Prince [Commissioner of Labor], 100 AD3d 1322, 1322 [3d Dept 2012]). Under these circumstances, the Board's determination finding that claimant voluntarily left her employment without good cause is supported by substantial evidence.
Aarons, J.P., Lynch, Reynolds Fitzgerald[*2], Fisher and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.