Matter of Kalcheva (Molloy Univ.--Commissioner of Labor) (2024 NY Slip Op 00843)

Matter of Kalcheva (Molloy Univ.--Commissioner of Labor)

2024 NY Slip Op 00843

Decided on February 15, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 15, 2024

CV-23-0885
[*1]In the Matter of the Claim of Svetla Kalcheva, Appellant. Molloy University, Respondent. Commissioner of Labor, Respondent.

Calendar Date:January 8, 2024

Before:Garry, P.J., Pritzker, Lynch, Fisher and Powers, JJ.

Svetla Kalcheva, New York City, appellant pro se.
Cullen and Dykman LLP, Uniondale (Jennifer A. McLaughlin of counsel), for Molloy University, respondent.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for Commissioner of Labor, respondent.

Garry, P.J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 7, 2022, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
From September 2015 through December 2021, claimant was employed as an adjunct professor of music, teaching classrooms of students as well as individual lessons, and from 2020 through fall 2021, claimant taught remotely due to the COVID-19 pandemic. In August 2021, the employer informed her that in-person instruction would resume for the spring 2022 semester on or about January 17, 2022 and that it was voluntarily implementing a COVID-19 vaccination requirement for all employees before they could resume in-person instruction. In November 2021, claimant was informed by her employer that she did not meet the job requirements to continue her employment because she did not obtain a COVID-19 vaccination prior to the commencement of the spring 2022 semester. Claimant's subsequent application for unemployment insurance benefits was denied by the Department of Labor in an initial determination finding that claimant voluntarily left her employment without good cause by failing to get vaccinated as required by her employer and that, in the alternative, she was terminated for misconduct. Following a hearing, an Administrative Law Judge affirmed that portion of the Department's determination disqualifying claimant from receiving benefits because she voluntarily left her employment without good cause.[FN1] On administrative appeal, the Unemployment Insurance Appeal Board affirmed, prompting claimant's appeal.
We affirm. Claimant challenges the Board's finding that she left her employment without good cause, contending that her employer's requirement that she obtain a COVID-19 vaccine prior to resuming in-person instruction was unreasonable given her circumstances. "Whether a claimant has good cause to leave employment is a factual issue for the Board to resolve[,] and its determination will be upheld if supported by substantial evidence" (Matter of McBride [Commissioner of Labor], 208 AD3d 1528, 1528 [3d Dept 2022] [internal quotation marks and citations omitted]; accord Matter of Brozak [Commissioner of Labor], 213 AD3d 1107, 1108 [3d Dept 2023]; see Matter of Vargas [Mason ESC LLC-Commissioner of Labor], 185 AD3d 1339, 1340 [3d Dept 2020]).
Claimant acknowledged in her testimony that she was informed by her employer in mid-November 2021 that unvaccinated individuals could pose a danger to the public health on campus and that she would therefore be required to obtain a COVID-19 vaccine to maintain her employment and resume in-person instruction.[FN2] There is no dispute that claimant did not acquire the vaccination within the required time frame and that such failure resulted in the cessation of her employment. Claimant instead contends that obtaining the vaccine was unnecessary because she contracted COVID-19 in November 2021 [*2]and tested positive for COVID-19 antibodies in early January 2022, prior to the start of the spring semester. However, the record does not reflect that claimant provided her employer with her positive antibody test results or requested an accommodation on this basis. Similarly, although claimant initially reached out to the employer's COVID-19 taskforce for further information regarding the vaccination requirement, there is no indication that she expressed her safety concerns to the employer, and she concedes that she did not seek an exemption from the requirement or request to be tested as an alternative. By failing to do so, claimant deprived "the employer of an opportunity to address the situation" and failed "to take reasonable steps to protect her employment" in light of her objection to the vaccination requirement (Matter of Ivanova [Commissioner of Labor], 216 AD3d 1278, 1280 [3d Dept 2023] [internal quotation marks and citations omitted]). The Board also found that the employer's vaccination requirement was an appropriate response to the public health emergency and consistent with its responsibility to protect its faculty and students in light of the November 2021 executive order declaring a disaster emergency resulting from the COVID-19 pandemic and supporting "the municipalities and counties in their efforts to facilitate and administer vaccinations and tests for COVID-19, and to prevent the virus from continuing to spread at such rates" (Executive Order [Hochul] No. 11 [9 NYCRR 9.11]; see generally New York City Mun. Labor Comm. v City of New York, 73 Misc 3d 621, 626-631 [Sup Ct, NY County 2021]). In view of the foregoing, the Board's decision that claimant voluntarily left her employment without good cause is supported by substantial evidence and will not be disturbed (see Labor Law § 593 [1]; Matter of Parks [Commissioner of Labor], 219 AD3d 1099, 1101-1102 [3d Dept 2023]; compare Matter of Antonaros [Commissioner of Labor], ___ AD3d ___, ___, 2024 NY Slip Op 00217, *2 [3d Dept 2024]).
Pritzker, Lynch, Fisher and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: The Administrative Law Judge did not reach the question of whether claimant's refusal to obtain a COVID-19 vaccination constituted misconduct.

Footnote 2: The employer independently adopted its vaccination requirement without any governmental mandate, and claimant testified that there was no testing option provided to individuals who did not get the COVID-19 vaccine.