Matter of Smith (Commissioner of Labor) (2024 NY Slip Op 03368)

Matter of Smith (Commissioner of Labor)

2024 NY Slip Op 03368

Decided on June 20, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 20, 2024

CV-23-0834
[*1]In the Matter of the Claim of Janell Smith, Appellant. Commissioner of Labor, Respondent.

Calendar Date:May 24, 2024

Before:Garry, P.J., Clark, Pritzker, Fisher and Powers, JJ.

Janell Smith, Wyandanch, appellant pro se.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 8, 2023, which ruled, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily left her employment without good cause.
Claimant, a medication technician for an assisted living facility, filed a claim for unemployment insurance benefits after she left her job in December 2013, citing lack of work. The Department of Labor issued an initial determination disqualifying claimant from benefits, finding, among other things, that she had been discharged for misconduct. Claimant requested a hearing in October 2022 and testified that the delay in making that request was attributable to not receiving the initial determination, of which she first became aware when her income tax refund was levied. An Administrative Law Judge (hereinafter ALJ) credited her testimony regarding when she received notice of the determination and overruled the Department's timeliness objections. Addressing the merits, the ALJ found that claimant's testimony regarding her supervisor's behavior did not rise to the level of good cause to justify quitting her job and, thus, determined that claimant had voluntarily separated from her employment without good cause, disqualifying her from receiving benefits. As claimant had not received any unemployment benefits, no repayment was required and no civil penalty was warranted. Finding that claimant had willfully misrepresented the circumstances under which she left her employment as lack of work when she had voluntarily quit without good cause, the ALJ imposed a reduced forfeiture penalty of four effective days. The Unemployment Insurance Appeal Board, as relevant here, adopted the ALJ's findings of fact and conclusions of law, and affirmed the findings that claimant had voluntarily separated from her employment without good cause and had made willful misrepresentations in filing for unemployment insurance benefits. Claimant appeals.
We affirm. "Whether a claimant has good cause to leave employment is a factual issue for the Board to resolve and its determination will be upheld if supported by substantial evidence" (Matter of Moquete [Commissioner of Labor], 224 AD3d 1074, 1075 [3d Dept 2024] [internal quotation marks and citations omitted]; accord Matter of Kalcheva [Molloy Univ.-Commissioner of Labor], 224 AD3d 1077, 1078 [3d Dept 2024]). "Issues of witness credibility, the evaluation of evidence and the inferences to be drawn therefrom are within the exclusive province of the Board" (Matter of Douglas [Commissioner of Labor], 217 AD3d 1311, 1312 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]; see Matter of Tamanna [Commissioner of Labor], 213 AD3d 1104, 1106 [3d Dept 2023]).
Claimant testified that her supervisor had engaged in rude, disrespectful and unprofessional behaviors toward her, had yelled at her and caused unspecified "problems," creating conflict and making [*2]her uncomfortable. However, the ALJ and the Board found that, while the supervisor may have acted in a "disagreeable manner" when interacting with claimant, the supervisor never "stepped outside the bounds of propriety." Despite specific questioning by the ALJ, as the ALJ and the Board noted, claimant offered only vague and generic characterizations of her supervisor's behavior and failed to recount a single incident supporting her claim that her work conditions became unbearable and that she was forced to resign, and the Board was free to reject her testimony in that regard (see Matter of McBride [Commissioner of Labor], 208 AD3d 1528, 1528-1529 [3d Dept 2022]). Inability to get along with a supervisor does not constitute good cause for leaving employment (see Matter of Colon [Staffing Solutions Org. LLC-Commissioner of Labor], 179 AD3d 1417, 1418 [3d Dept 2020]; Matter of Xavier [Commissioner of Labor], 172 AD3d 1812, 1813 [3d Dept 2019]).
Contrary to claimant's contention, she was made aware at the hearing that it encompassed the issue of whether she had voluntarily quit without good cause, and she declined when offered an adjournment to address that issue; claimant had every opportunity to testify regarding the details and circumstances surrounding her departure and her supervisor's behavior. Under these circumstances, and deferring to the Board's credibility determinations and inferences drawn from the testimony and evidence, we find that substantial evidence supports the Board's finding that claimant voluntarily left her employment without good cause (see Labor Law § 593 [1]; Matter of Douglas [Commissioner of Labor], 217 AD3d at 1312-1313).
Substantial evidence also supports the Board's factual determination that claimant made willful misrepresentations when she filed for benefits — citing lack of work when, in fact, she left under disqualifying circumstances, including claimant's own testimony acknowledging that she left her employment due to her supervisor's behavior (see Matter of Douglas [Commissioner of Labor], 217 AD3d at 1313; Matter of Tamanna [Commissioner of Labor], 213 AD3d at 1107). Accordingly, we find no reason to disturb the Board's imposition of a forfeiture penalty (see Labor Law § 594 [1]). Claimant's testimony and assertion that she never filed an application for unemployment insurance benefits, which was inconsistent with her contention that she was entitled to benefits in that she was forced to resign, was resolved by the Board's conclusion and is supported by documentary evidence that claimant had filed an application for benefits. We discern no basis upon which to disturb that conclusion. Claimant's remaining arguments similarly lack merit.
Garry, P.J., Clark, Pritzker, Fisher and Powers, JJ., concur.
ORDERED that the decision is affirmed, without costs.