Matter of Hamlin (Commissioner of Labor) (2025 NY Slip Op 03115)

Matter of Hamlin (Commissioner of Labor)

2025 NY Slip Op 03115

Decided on May 22, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 22, 2025

CV-24-1141
[*1]In the Matter of the Claim of James Hamlin, Appellant. Commissioner of Labor, Respondent.

Calendar Date:April 18, 2025

Before:Egan Jr., J.P., Lynch, Ceresia, McShan and Mackey, JJ.

James Hamlin, Brockport, appellant pro se.
Letitia James, Attorney General, New York City (Gary Leibowitz of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 14, 2023, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he voluntarily left his employment without good cause.
The Department of Labor issued an initial determination disqualifying claimant, a direct support professional, from receiving unemployment insurance benefits, finding that claimant voluntarily left his employment without good cause and engaged in misconduct. Following a hearing, an Administrative Law Judge upheld only that portion of the denial of benefits based upon claimant's voluntary separation from employment without good cause, and, upon administrative appeal, the Unemployment Insurance Appeal Board affirmed. This appeal by claimant ensued.
"Whether a claimant has good cause to leave his or her employment is a factual question for the Board to resolve and its decision will not be disturbed if supported by substantial evidence" (Matter of Pope [Commissioner of Labor], 224 AD3d 1039, 1039 [3d Dept 2024] [internal quotation marks and citations omitted]; see Matter of Smith [Commissioner of Labor], 228 AD3d 1159, 1160 [3d Dept 2024]). In this regard, a claimant's failure to report to work and respond to an employer's inquiries may support a finding that he or she voluntarily separated from employment (see Matter of Pencola [Commissioner of Labor], 92 AD3d 1009, 1009-1010 [3d Dept 2012]; Matter of Zaichik [Commissioner of Labor], 42 AD3d 616, 617 [3d Dept 2007]).
After being directed by the employer to contact one of its other worksites regarding possible light-duty work, claimant called out of work for three days, contacted only one of the employer's other locations and thereafter decided to use accrued leave rather than report to work. Claimant did not respond to the employer's subsequent request to meet with him prior to the start of a scheduled work shift and, despite claimant's assertions to the contrary, substantial evidence supports the finding that claimant did not receive approval from his supervisor or employer to utilize accrued leave. To the extent that claimant testified that he was being harassed by the employer, this presented a credibility issue for the Board to resolve (see Matter of Xavier [Commissioner of Labor], 172 AD3d 1812, 1813 [3d Dept 2019]) and, in any event, general dissatisfaction with one's working conditions or an inability to get along with a coworker or supervisor does not constitute good cause for leaving one's employment (see Matter of McBride [Commissioner of Labor], 208 AD3d 1528, 1528 [3d Dept 2022]; Matter of Colon [Staffing Solutions Org. LLC-Commissioner of Labor], 179 AD3d 1417, 1418 [3d Dept 2020]). As substantial evidence supports the Board's decision that claimant voluntarily left his employment without good cause, it will not be disturbed.
Egan Jr., J.P., Lynch, Ceresia, McShan and Mackey, JJ., concur.
ORDERED that the decision is affirmed, without costs[*2].