■ In the Matter of JOAN R. LUKS, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 22, 1973, which (1) reversed a decision of the referee and disqualified claimant from receiving benefits effective November 10, 1971 on the ground that she voluntarily left her employment without good cause; (2) charged her with an overpayment of $1,330 in benefits ruled to be recoverable and (3) held that she willfully made a false statement to obtain benefits by reason of which a forfeiture of 76 effective days was imposed. Claimant was employed as a secretary until November 9, 1971 at a salary of $160 per week. She testified that in early October, 1971 she spoke

to the president of the employing establishment, Robert Hain, about a $10 a week raise. Mr. Hain refused but stated that she could work fewer hours per week for the same salary. She worked one and one-half hours a day less for the next two weeks but noticed that her check for the period had been reduced to $130 per week. She was told by Mr. Hain that there must have been a mistake in the Cincinnati office. Her next check on November 9, 1971 had the same reduced salary. Once again she approached Hain who told her Cincinnati felt they couldn't afford to pay her $160, apparently due to the wage freeze. She then requested a return to her previous hours and salary because she could not take the cut in pay. The employer refused and claimant resigned. Hain did not testify at the hearing but a vice-president MacDonald, did appear. He admitted that he did not participate in the discussions between claimant and Hain. Nevertheless, he testified that claimant agreed to accept a reduction in salary in exchange for reduced hours but resigned because she felt she had not agreed to work for less money. He added that claimant did not request to return to the original terms of employment. The board found that claimant accepted reduced hours of work with the understanding that her salary would be reduced. The only evidence to support this finding is the hearsay statement of MacDonald who had no personal knowledge of any of the discussions. There is nothing in the record to indicate that he was in any position to know of the arrangements between Hain and claimant. In fact, he admitted erroneously informing the Industrial Commissioner's office that claimant's final salary was $140 per week. While it is true that strict compliance with rules of evidence is unnecessary in hearings before the board (Labor Law, § 622, subd. 2), nevertheless the substantial rights of parties must be protected. We have previously stated that hearsay statements, standing alone, lack sufficient probative force to sustain a determination required to be supported by substantial evidence (*Matter of Sabatini* v. *Kirwan,* 42 A D 2d 1022, 1024; *Matter of Erdman* v. *Ingraham,* 28 A D 2d 5, 7-9). This hearsay evidence is insufficient upon which to base a finding of voluntary leaving of employment without good cause. In her application for benefits, claimant told the insurance office that she quit her job because she had to take a $30 per week salary cut. The board found this statement to be false and a willful misrepresentation to obtain benefits. The falsity of the statement is not apparent on its face since there is no dispute under either version of the facts that claimant was required to accept a decrease in salary. To the extent that the above finding is based on MacDonald's hearsay testimony, it is unsupported by substantial evidence in the record (*Matter of Sabatini* v. *Kirwan, supra*; *Matter of Erdman* v. *Ingraham, supra*). Decision reversed, without costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings. Staley, Jr., J. P., Cooke, Kane, Main and Reynolds, JJ., concur.