■ In the Matter of the Claim of CLAUDE O. WALKER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed June 19, 1975, which reversed the decision of the referee sustaining an initial determination of the Industrial Commissioner holding claimant to be eligible to receive benefits effective October 7, 1974. Claimant's contention that the board improperly considered a written statement submitted by the Industrial Commissioner in lieu of appearance and that such consideration constituted a deprivation of his rights of due process is without merit. Strict compliance with rules of evidence is unnecessary in hearings before the Unemployment Insurance Appeal Board provided the substantial rights of the parties are protected (Labor Law, § 622; *Matter of Luks [Levine],* 45 AD2d 801). Herein, the referee at the hearing of December 10, 1974 stated on the record "A written statement was submitted on behalf of the Industrial Commissioner in lieu of an appearance. Such statement shall be considered argument only." Thereafter, the statement was made part of the record but there is absolutely no evidence that the board's decision was reached by any consideration of or reliance upon anything other than the sworn testimony of the witnesses. The statement submitted on behalf of the employer to the board merely summarizes the testimony and urges upon the board a conclusion favorable to the employer. It is in the nature of a brief and consideration of it by the board was not prejudicial to claimant. The board's finding that claimant's conduct in not picking up certified mail, after notice from the postal authorities, juxtaposed to his admitted receipt of disability checks in the mail, was tantamount to an intention of not returning to work after expiration of his sick leave is supported by substantial evidence. Next, claimant's medical history strongly suggests that his mental condition during the period in question was such that he was totally disinterested in communicating with his employer in any form, and the board's finding that he was not capable of accepting employment is likewise supported by substantial evidence (Labor Law, § 591, subd 2). Decision affirmed, without costs. Koreman, P. J. Greenblott, Sweeney, Kane and Mahoney, JJ., concur.