■ In the Matter of the Claim of ROBERT L. ALLEN, Respondent. UNITED STATES DEPARTMENT OF THE INTERIOR, Appellant; THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Weiss, J. P. Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 25, 1989, which resettled the record for purposes of an appeal.*

The facts in the underlying unemployment insurance claim briefly are that claimant was terminated from his job as a park laborer for misconduct. An Administrative Law Judge (hereinafter ALJ) reversed the initial determination and ruled claimant ineligible for benefits because he lost his employment through misconduct. The Unemployment Insurance Appeal Board affirmed, finding that claimant's threatening behavior (to harm his superior and coemployees) rose to the

---

* Claimant submitted, with his appeal brief, an appendix containing certain documents not formally a part of the record on appeal. The appeal of the denial of unemployment insurance benefits remains pending the resolution of the issues herein.

level of misconduct notwithstanding his claimed alcoholism. After claimant filed his notice of appeal to this court, he moved before the Board to resettle the record to include within the record (a) his brief in his appeal to the United States Merit Systems Protection Board, (b) his affidavit dated May 27, 1986, and (c) three letters, all predating his discharge. The application was granted resettling the record to include the above-mentioned documents. The employer now appeals the resettlement order.

The employer contends that the hearing for settlement of the record on appeal (12 NYCRR 460.7 [c]) was not an evidentiary hearing for the purpose of introducing new original evidence (see, 12 NYCRR 461.4 [j]; 463.1 [f] [2]; 463.2 [b], [e]; 463.3 [c]). The disputed items were attached as exhibits to a letter to the Board from claimant's attorney dated June 2, 1986. The letter was in support of claimant's Board appeal seeking reversal of the ALJ's decision or, alternatively, for a remand and a new hearing. The employer argues that the disputed items were not part of the record considered by the Board when it affirmed the ALJ's decision, and in effect, denied reopening of the hearing.

This court has held that documents not before an administrative agency may not be considered part of the record on appeal from a determination of that agency (see, Matter of Margolin v Newman, 130 AD2d 312, 315-316, appeal dismissed 71 NY2d 844). However, here an application by claimant was properly made to the Board for a hearing to resettle the record on appeal (see, 12 NYCRR 460.7). The issue was specifically limited to resettlement of the record and the parties were either heard at the hearing or submitted memoranda. The Board held that the challenged documents had been submitted as part of the original appeal in which claimant sought reversal of the denial of benefits or, in the alternative, a remand for a new hearing to explore claimant's alcoholism and its effect on his discharge. The documents in support of the alternative relief, which was implicitly denied, properly form an essential part of the record on appeal from that determination. Accordingly, since it has not been demonstrated that the Board abused its discretion in reaching the determination allowing resettlement (see, Matter of Dixon [Levine], 41 AD2d 868) or exceeded its authority (Labor Law § 622 [2]; see, Matter of Walker [Levine], 51 AD2d 1079), the decision should be affirmed.

Decision affirmed, with costs to claimant. Weiss, J. P., Mikoll, Yesawich, Jr., Mercure and Harvey, JJ., concur.