■ In the Matter of the Claim of KAREN K. FORD, Appellant. COMMISSIONER OF LABOR, Respondent. (And Another Related Claim.) [773 NYS2d 740]—

Spain, J. Appeals from two decisions of the Unemployment Insurance Appeal Board, filed June 24, 2002, which settled the records in two other appeals.

After she was laid off from her job in May 1993, claimant received training funds pursuant to Labor Law § 599 to cover one year of law school for the purpose of receiving training in paralegal studies. She enrolled in a four-year program and started attending classes in August 1993. She worked at a law firm from June 1, 1994 until September 30, 1994 at which time she stopped working to complete law school. In August 1995, claimant applied for, among other things, training adjustment assistance (hereinafter TAA) benefits under the federal Trade Act of 1974 (19 USC § 2101 *et seq.*) to pay for the remaining years of law school. Following the initial denial of this application, numerous hearings were conducted. The Unemployment Insurance Appeal Board thereafter rendered various decisions, including a decision filed February 8, 1999, which, among other things, upheld the denial of TAA benefits on the basis that the cost of the program in which claimant was enrolled exceeded the allowable limit. The Board subsequently issued an April 5,

1999 decision denying claimant's application for reopening and reconsideration. Claimant appealed the Board's February 8, 1999 and April 5, 1999 decisions (hereinafter collectively referred to as case No. 85962) to this Court.

The Board, however, rendered a subsequent decision on May 21, 2001 rescinding certain prior decisions, including its decision of February 8, 1999, but sustaining its finding that the cost of the program in which claimant was enrolled exceeded the applicable TAA limit. Claimant appealed this decision (hereinafter referred to as case No. 91538) to this Court. Claimant's application to reopen and reconsider this decision was denied by decision of the Board on July 17, 2001, which claimant also appealed to this Court (hereinafter referred to as case No. 91815).

In connection with the pending appeals, the parties were in disagreement concerning the contents of the records on appeal. Claimant applied to the Board for settlement of the records and, on May 20, 2002, a hearing was conducted on this issue as it related to case Nos. 85962 and 91538. In separate decisions rendered June 24, 2002 in each of the respective cases, the Board ruled that one record containing all of the documents objected to by claimant, as well as a number of other documents, would be used in each case. Claimant now appeals from these decisions.

Since claimant filed her notice of appeal from the Board's June 24, 2002 decision settling the record in case No. 91538, this Court granted the Commissioner of Labor's cross motion to dismiss the underlying appeal in that case as untimely. Consequently, claimant's appeal from that decision is now moot. Although the Board's May 21, 2001 decision, which is the subject of the now dismissed case No. 91538, explicitly rescinded its February 8, 1999 decision, which is one of the decisions at issue in remaining case No. 85962, the underlying appeal in case No. 85962 is not rendered moot as claimant remained aggrieved by the Board's amended decision (see Matter of Mauskoff [Bon Temps Agency—Ross], 79 AD2d 790, 791 [1980]; Matter of Olan [Ross], 60 AD2d 113, 115 n [1977]). Therefore, we must address whether the Board's June 24, 2002 settlement of the record in case No. 85962 was proper.

At the May 20, 2002 hearing, claimant withdrew her request to have certain documents included in the record on appeal. Rather, she sought to have other documents, which the Board deemed properly a part of the record on appeal, excluded therefrom on the basis that they were irrelevant to the Board's decisions of February 8, 1999 and April 5, 1999. Although all of the documents challenged by claimant postdated the foregoing deci-

sions, they consisted exclusively of various appeals, applications to reopen and notices related thereto, which were jurisdictional in nature. Such documents were part of claimant's ongoing challenge to the Board's initial denial of TAA benefits as she continued to be aggrieved by decisions rendered by the Board after February 8, 1999 and April 5, 1999. Consequently, we find that these later documents are relevant to claimant's appeal in case No. 85962 and the Board did not abuse its discretion or exceed its authority in including them (see Matter of Allen [United States Dept. of Interior—Hartnett], 154 AD2d 732, 733 [1989]).

Claimant's remaining contentions have been considered and found to be unpreserved for review or lacking in merit.

Cardona, P.J., Crew III, Peters and Lahtinen, JJ., concur. Ordered that the appeal from the decision filed June 24, 2002 in case No. 91538B is dismissed, as moot, without costs. Ordered that the appeal from the decision filed June 24, 2002 in case No. 85962B is affirmed, without costs.