■ In the Matter of the Claim of KAREN K. FORD, Appellant. COMMISSIONER OF LABOR, Respondent. [785 NYS2d 576]—

Spain, J. Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed February 8, 1999, as superceded by decision filed May 21, 2001, which, inter alia, ruled that claimant was ineligible for Trade Adjustment Assistance under the federal Trade Act of 1974, and (2) from a decision of said Board, filed April 5, 1999, which denied claimant's application for reopening and reconsideration.

The facts of this ongoing dispute over claimant's eligibility for Trade Adjustment Assistance (hereinafter TAA) benefits under the federal Trade Act of 1974 (19 USC § 2101 *et seq.*) are set forth in this Court's recent decision settling the record (5 AD3d 929 [2004]). We noted there that subsequent to claimant's appeal from the February 8, 1999 decision, the Unemployment Insurance Appeal Board reopened and reconsidered that decision and ultimately rescinded it by a decision entered May 21, 2001. Nevertheless, given that the February 8, 1999 decision was rescinded during the pendency of this appeal and because claimant remains aggrieved by the May 21, 2001 decision in essentially the same manner as she was aggrieved by the February 8, 1999 decision, we consider her arguments on appeal in the context of the merits of the May 21, 2001 decision (*id.* at 930; *see Matter of Mauskoff [Bon Temps Agency—Ross]*, 79 AD2d 790, 791 [1980]; *Matter of Baccus [Ross]*, 64 AD2d 805, 806 [1978]). In light of the Board's May 21, 2001 decision, claimant's appeal from the Board's April 5, 1999 decision is moot.

In its May 21, 2001 decision, the Board articulated several bases for its denial. Because we find one of these bases to be supported by substantial evidence, we affirm the Board's determination. "[T]he Board's interpretation of a statutory provision or regulation will be upheld so long as it is rational and reason-

able" (*Matter of Goldman [Sweeney]*, 233 AD2d 664, 664 [1996]). The federal regulations governing TAA benefit eligibility indicate that there must be "assurance that the training is suitable for the worker, is at the lowest reasonable cost, and will enable the worker to obtain employment within a reasonable period of time" (20 CFR 617.22 [b]). Further, as the Board pointed out in its decision, "[a]n application for training shall be denied if it is for training in an occupational area which requires an extraordinarily high skill level and for which the total costs of the training are substantially higher than the costs of other training which is suitable for the worker" (20 CFR 617.22 [b]).

Prior to applying for TAA benefits to cover the last two years of law school, claimant successfully applied under Labor Law § 599 to obtain funding to cover the first year of law school for the purpose of training as a paralegal. After completing that training, claimant obtained employment at a law firm in June 1994. She left her employment at the end of September 1994, having made the decision to continue attending law school full time rather than find permanent work as a paralegal. Accordingly, the Board reasonably determined to deny further training on the basis that alternative suitable training—paralegal training—had already been provided (*see generally Matter of Brodie [Commissioner of Labor]*, 261 AD2d 732, 732-733 [1999]). Under these circumstances, we conclude that the Board's decision denying TAA benefits to claimant was neither irrational nor unsupported by substantial evidence.

In view of our disposition, we find it unnecessary to address claimant's remaining arguments.

Mercure, J.P., Crew III, Lahtinen and Kane, JJ., concur.

Ordered that the May 21, 2001 decision is affirmed, without costs.

Ordered that the appeal from the April 5, 1999 decision is dismissed, without costs.