■ In the Matter of the Claim of KAREN K. FORD, Appellant. COMMISSIONER OF LABOR, Respondent. [788 NYS2d 734]—

Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed February 4, 2003, which settled the record in a pending appeal.

In this latest appeal by claimant in her continuing litigation over the Unemployment Insurance Appeal Board's denial of Trade Adjustment Assistance (hereinafter TAA) benefits under the federal Trade Act of 1974 (19 USC § 2102 *et seq.*), she challenges the Board's February 4, 2003 decision which, following a hearing, settled the record in her appeal of the Board's July 17, 2001 decision.[1] The Board's July 17, 2001 decision denied claimant's application to reopen and reconsider its May 21, 2001 decision which rescinded certain prior decisions, but ultimately upheld the denial of TAA benefits.[2]

In the instant case, claimant asserts, among other things, that she was denied a fair and impartial hearing and that the Board abused its discretion in including in the record documentation that is outside the scope of her underlying appeal from the July 17, 2001 decision. We find these contentions to be without merit. Initially, a review of the hearing transcript reveals that claimant was afforded an adequate opportunity to present her case and the Hearing Officer conducted the hearing in an impartial manner (*see Matter of O'Connor [Howell— Hartnett]*, 165 AD2d 946, 948 [1990]). Contrary to her claim, we perceive no violation of the provisions of 12 NYCRR 461.4 and find no abuse of discretion in the Board's inclusion in the settled record of certain documentation predating its July 17, 2001 decision (*see Matter of Allen [United States Dept. of Interior— Hartnett]*, 154 AD2d 732 [1989]). Although the record in dispute pertains specifically to claimant's appeal from the July 17, 2001 decision, that decision is one of many interrelated Board decisions appealed by claimant, all of which stem from the initial denial of her application for TAA benefits in 1995, the basis for her ongoing course of litigation. In view of the complicated procedural background of this case and the fact that the July 17, 2001 decision relates back to the Board's prior decisions, we find that the Board did not abuse its discretion or exceed its authority in including the subject documentation in the settled record (*see* 12 NYCRR 460.7; *Matter of Ford [Commissioner of Labor]*, 5 AD3d 929, 931 [2004]). We have considered claimant's remaining contentions and find them to be unavailing.

---

1. The factual background of the instant dispute is set forth in this Court's prior decision settling the records in two of claimant's other appeals (*Matter of Ford [Commissioner of Labor]*, 5 AD3d 929 [2004]).

2. The Board's May 21, 2001 decision has been affirmed by this Court (*Matter of Ford [Commissioner of Labor]*, 12 AD3d 955 [2004]).

Mercure, J.P., Carpinello, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.