Matter of McCrea v City of Buffalo (2022 NY Slip Op 06056)

Matter of McCrea v City of Buffalo

2022 NY Slip Op 06056

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

534976
[*1]In the Matter of the Claim of Crystal McCrea, Appellant,
v
City of Buffalo et al., Respondents. Workers' Compensation Board, Respondent.

Calendar Date:September 14, 2022

Before:Garry, P.J., Lynch, Aarons, Pritzker and McShan, JJ.

Cole, Sorrentino, Hurley, Hewner & Gambino PC, Buffalo (Vivian P. Roche of counsel), for appellant.
Law Office of Melissa A. Day, PLLC, Amherst (Shannan Mackey of counsel), for City of Buffalo and another, respondents.

McShan, J.
Appeal from a decision of the Workers' Compensation Board, filed August 8, 2021, which ruled, among other things, that claimant voluntarily withdrew from the labor market.
On February 25, 2020, claimant, a systems support analyst for the self-insured employer, injured her lower back while lifting a chair at work, and her subsequent claim for workers' compensation benefits was established for an injury to the lower back. She was thereafter awarded workers' compensation benefits from February 28, 2020 through March 19, 2020 at temporary partial and temporary total disability rates. On or about March 25, 2020, claimant returned to work on a full-time basis notwithstanding her temporary partial disability because she was allowed to work from home as a result of the COVID-19 pandemic. Claimant continued to work from home until October 9, 2020, at which approximate time she was informed by the employer that employees were required to resume working in the office on a rotating basis. Claimant thereafter advised the employer that she was unable to return to the office to work due to her ongoing temporary partial disability. The employer subsequently asserted that claimant's lost time after October 9, 2020 was not causally related to her disability. Following an independent medical examination, the deposition of claimant's treating physician and hearings, a Workers' Compensation Law Judge found, among other things, that claimant did not voluntarily withdraw from the labor market and that she, as a result of her temporary partial disability, was therefore entitled to continuing benefits from October 9, 2020. Upon administrative review, the Workers' Compensation Board disagreed, finding that claimant had refused to accept a light duty assignment and had therefore voluntarily withdrawn from the labor market. Accordingly, the Board determined that claimant had no causally-related lost earnings as of October 7, 2020. This appeal ensued.
While this appeal was pending, the Board filed an amended decision on September 13, 2022. The Board again determined that claimant had no causally-related lost earnings, but did so upon a different legal analysis (see Matter of Donovan v DOCCS Coxsackie Corr. Facility, 178 AD3d 1268, 1270 [3d Dept 2019]). Further, the Board's September 2022 decision expressly notes that its prior August 2021 decision is amended and superseded (see Matter of Casamento v Rochester-Genesee Regional Transp. Auth., 178 AD3d 1218, 1219 n [3d Dept 2019]; Matter of Watts v Arnot Ogden Med. Ctr., 132 AD3d 1024, 1025 n [3d Dept 2015]; Matter of Bland v Gellman, Brydges & Schroff, 127 AD3d 1436, 1437 [3d Dept 2015], lv dismissed 26 NY3d 948 [2015]). Accordingly, we find that the instant appeal from the August 2021 decision is moot and must be dismissed (see Matter of Djukanovic v Metropolitan Cleaning LLC, 177 AD3d 1060, 1060-1061 [3d Dept 2019]).
Garry, P.J., Lynch, Aarons and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, as moot[*2], without costs.