Matter of Cosma (Memorial Sloan Kettering Cancer Ctr.--Commissioner of Labor) (2025 NY Slip Op 01267)

Matter of Cosma (Memorial Sloan Kettering Cancer Ctr.--Commissioner of Labor)

2025 NY Slip Op 01267

Decided on March 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 6, 2025

CV-23-1038
[*1]In the Matter of the Claim of Ann Marie Cosma, Appellant. Memorial Sloan Kettering Cancer Center, Respondent. Commissioner of Labor, Respondent.

Calendar Date:February 10, 2025

Before:Aarons, J.P., Pritzker, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Ann Marie Cosma, Massapequa, appellant pro se.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for Commissioner of Labor, respondent.

Pritzker, J.
Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed November 2, 2022, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she separated from employment without good cause, and (2) from a decision of said Board, filed January 19, 2024, which, upon reopening and reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits.
Claimant, a registered nurse for the employer, a major cancer hospital and research center, was advised by the employer in late July 2021 that, in order to maintain her employment, when the COVID-19 vaccine was fully FDA approved, she was required to receive the vaccine in order to protect the health of its patients. The employer also informed claimant that its employees had from August 9, 2021 to September 15, 2021 to submit a request for a medical or religious exemption from the vaccination requirement. On August 27, 2021, claimant submitted a written request for a religious exemption. Claimant's religious exemption request remained pending until November 2021 due to related federal litigation (see We The Patriots USA, Inc. v Hochul, 17 F4th 266 [2d Cir 2021], clarified 17 F4th 368 [2d Cir 2021], cert denied 596 US ___, 142 S Ct 2569 [2022]), and, on November 19, 2021, the employer informed claimant that it could no longer allow unvaccinated staff members who applied for a religious exemption to work on-site at its facilities. The employer informed claimant that she was required to receive at least one dose of a COVID-19 vaccine by December 3, 2021 in order to maintain her employment.
When claimant failed to provide proof of vaccination by the required deadline, her employment ended, and claimant filed an application for unemployment insurance benefits, effective December 13, 2021. The Department of Labor issued an initial determination finding, among other things, that claimant was disqualified from receiving unemployment insurance benefits because, among other reasons, she had voluntarily separated from her employment without good cause. After a hearing, an Administrative Law Judge sustained the initial determination denying claimant benefits. That decision was upheld by the Unemployment Insurance Appeal Board in a November 2, 2022 decision, from which claimant took an appeal. Then, in October 2023, during the pendency of this appeal, the Board reopened its decision sua sponte pursuant to Labor Law § 534 and remanded the matter for a hearing to "address and examine . . . claimant's contention that her sincerely-held religious beliefs prevented her from receiving the COVID-19 vaccination mandated by the employer." Following a June 2023 remand hearing at which claimant provided additional testimony, the Board, in a January 19, 2024 decision, affirmed the decision of the Administrative Law Judge, concluding that the evidence failed to establish that claimant's noncompliance with the employer's [*2]vaccination mandate was rooted in a sincerely-held religious belief and that her voluntary separation from her employment was therefore without good cause, disqualifying her from receiving benefits. Claimant appeals from the January 2024 Board decision.[FN1]
We affirm. "Whether a claimant has good cause to leave employment is a factual issue for the Board to resolve[,] and its determination will be upheld if supported by substantial evidence," notwithstanding evidence in the record that might support a contrary conclusion (Matter of Brozak [Commissioner of Labor], 213 AD3d 1107, 1108 [3d Dept 2023] [internal quotation marks and citations omitted]; see Matter of Pabon [Hudson Val. Oral Surgery PLLC-Commissioner of Labor], 213 AD3d 1114, 1115 [3d Dept 2023]; Matter of Iwuchukwu [Active Transp. Servs.-Commissioner of Labor], 213 AD3d 1043, 1045 [3d Dept 2023]). "Provoked discharge is a narrowly drawn legal fiction designed to apply where an employee voluntarily engages in conduct which transgresses a legitimate known obligation and leaves the employer no choice but to discharge him or her, and whether an employee has provoked a discharge is also a factual issue for the Board" (Matter of Smith [Roswell Park Cancer Inst. Corp.-Commissioner of Labor], 227 AD3d 1344, 1345 [3d Dept 2024] [internal quotation marks and citations omitted]).
Claimant testified that she worked as a registered nurse throughout the hospital, interacting with employees, patients and visitors. After the state mandate requiring certain healthcare personnel to receive the COVID-19 vaccine was enacted without a religious exemption (see 10 NYCRR former 2.61 [c], [d]),[FN2] claimant was advised that getting the COVID-19 vaccine was a condition of her employment and that she would be terminated if she failed to do so. Despite being so advised, claimant elected not to receive the COVID-19 vaccine and separated from her employment.
At the initial hearing, claimant testified that she declined to be vaccinated because the COVID-19 vaccines at that time were "experimental," there was "no proof" that the vaccines were effective in "stopping transmission" of the virus and that she had "natural immunity" to the COVID-19 virus that was "just as good, if not better" than the immunity afforded by the vaccines. Then, prior to the June 2023 remand hearing, the Board directed that claimant should be prepared to explain how her religious beliefs, or a tenet of her religion, prohibited her receipt of the vaccine and advised claimant that, if she failed to offer such evidence and/or testify regarding the basis for request for a religious exemption, such failure could result in an adverse inference being taken by the Board. At the remand hearing, claimant was unable and/or refused to answer the majority of questions inquiring into the basis of her religious beliefs and how any such beliefs prevented her from receiving a COVID-19 vaccine. As a result of her refusal to answer these questions — which included inquiries [*3]about how her religious beliefs informed her decision not to get vaccinated, how she learned that fetal cell lines were involved in the development of the vaccines and whether she consulted a priest or bishop about her position — the Board drew an adverse inference against claimant and found that her reasons in support of her refusal to be vaccinated were personal and secular in nature and did not constitute a compelling reason for her noncompliance with the employer's mandate and state law in effect at that time (see 10 NYCRR former 2.61 [eff. Aug. 26, 2021]). In view of the foregoing, including claimant's testimony at both hearings, we find that substantial evidence supports the Board's determination that claimant's noncompliance with her employer's mandate was not based upon a sincerely-held religious belief and that, as a consequence, claimant's separation from her employment was without good cause (see Labor Law § 593 [1]; see generally Matter of Bryan v Board of Educ. of the City Sch. Dist. of the City of N.Y., 222 AD3d 473, 473 [1st Dept 2023]; Matter of Lee v City of New York, 221 AD3d 505, 506 [1st Dept 2023]; Matter of Parks [Commissioner of Labor], 219 AD3d 1099, 1101-1102 [3d Dept 2023], lv denied 41 NY3d 910 [2024]). To the extent that claimant's remaining claims of a constitutional dimension are properly before us in this matter involving eligibility for unemployment insurance benefits, they have been considered and found to be without merit (see Campagna v New York City Police Dept., 231 AD3d 531, 532 [1st Dept 2024]; Matter of Parks [Commissioner of Labor], 219 AD3d at 1101-1102; see also We The Patriots USA, Inc. v Hochul, 17 F4th at 272-274, 280-290).
Aarons, J.P., Reynolds Fitzgerald, Ceresia and Powers, JJ., concur.
ORDERED that the appeal from the November 2, 2022 decision is dismissed, as moot, without costs.
ORDERED that the January 19, 2024 decision is affirmed, without costs.

Footnotes

Footnote 1: Inasmuch as the Board's January 2024 decision rescinded the Board's prior November 2, 2022 decision, the instant appeal from the November 2022 decision is moot and must be dismissed (see Matter of McCrea v City of Buffalo, 209 AD3d 1253, 1254 [3d Dept 2022]; Matter of Ford [Commissioner of Labor], 12 AD3d 955, 955 [3d Dept 2004]).

Footnote 2: Claimant does not dispute that she fell under the definition of "personnel" to whom the vaccine mandate applied (10 NYCRR former 2.61 [a] [2]; [c]).