Matter of Solomon-El (Commissioner of Labor) (2025 NY Slip Op 03108)

Matter of Solomon-El (Commissioner of Labor)

2025 NY Slip Op 03108

Decided on May 22, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 22, 2025

CV-23-0119
[*1]In the Matter of the Claim of Norma Solomon-El, Appellant. Commissioner of Labor, Respondent.

Calendar Date:April 18, 2025

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ.

Norma Solomon-El, Bronx, appellant pro se.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for respondent.

Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 29, 2022, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she voluntarily separated from employment without good cause.
Claimant was advised by the employer in September 2021 that, as a direct care healthcare worker, she was required to receive the COVID-19 vaccine in order to maintain her employment. She submitted a request for a religious exemption, which was denied, as was her duplicative supplemental exemption request; when she failed to provide proof that she was vaccinated by the deadline, her employment was terminated effective October 30, 2021, and she applied for unemployment insurance benefits. The Department of Labor issued an initial decision disqualifying her from receiving unemployment benefits and, after a hearing, the Unemployment Insurance Appeal Board issued a decision filed July 29, 2022 which upheld the decision of an Administrative Law Judge, finding that claimant had voluntarily separated from her employment without good cause and denying her benefits. Claimant took an appeal from the July 2022 Board decision. The appeal was held in abeyance after the Board reopened and reconsidered its decision and remanded the case for a hearing. Following a remand hearing to address whether claimant's noncompliance with the vaccine mandate was based upon sincerely held religious beliefs, the Board rescinded its July 2022 decision and filed a decision on December 5, 2023 upholding the determination disqualifying claimant from unemployment benefits. The Board found that claimant had not demonstrated that her failure to receive the vaccine was rooted in sincerely held religious beliefs and, therefore, that her voluntary separation from employment was without good cause. Claimant did not file a notice of appeal from the December 2023 Board decision.
Given that the Board's December 2023 decision rescinded the Board's July 2022 decision, claimant's appeal from the July 2022 decision is moot and must be dismissed (see Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d 1121, 1122 n 1 [3d Dept 2025]; Matter of McCrea v City of Buffalo, 209 AD3d 1253, 1253-1254 [3d Dept 2022]). Although the merits of the Board's December 2023 decision would ordinarily be reviewable upon appeal in that "claimant is aggrieved by that decision in essentially the same manner as she was by the appealed-from decision" (Matter of Komar [Commissioner of Labor], 213 AD3d 1085, 1085 [3d Dept 2023] [internal quotation marks and citation omitted]; accord Matter of Naher [Commissioner of Labor], 224 AD3d 1202, 1203 [3d Dept 2024]), claimant did not file a brief addressing the evidence adduced at the remand hearing or the merits of the Board's December 2023 decision, despite being given an opportunity to do so.[FN1] Thus, claimant has abandoned any challenges to the Board's December 2023 decision (see Matter of Tario [Commissioner [*2]of Labor], 234 AD3d 1200, 1200-1201 [3d Dept 2025]; Matter of Jimeno [Commissioner of Labor], 231 AD3d 1467, 1468 [3d Dept 2024]). Nevertheless, were we to reach the merits of the Board's December 2023 decision, we would find that substantial evidence supports it in all respects (see Matter of Naher [Commissioner of Labor], 224 AD3d at 1203; see also Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d at 1123; Matter of Clark [Commissioner of Labor], 153 AD3d 1074, 1075 [3d Dept 2017]).
Clark, J.P., Lynch, Reynolds Fitzgerald, Fisher and Mackey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.

Footnotes

Footnote 1: Claimant's brief filed in February 2023, in connection with her appeal from the Board's July 2022 decision, was well before the Board's December 2023 decision.