Matter of Tandian (Commissioner of Labor) (2025 NY Slip Op 03609)

Matter of Tandian (Commissioner of Labor)

2025 NY Slip Op 03609

Decided on June 12, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:June 12, 2025

CV-23-1341
[*1]In the Matter of the Claim of Fatou B. Tandian, Appellant. Commissioner of Labor, Respondent.

Calendar Date:May 23, 2025

Before:Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ.

Fatou B. Tandian, Syracuse, appellant pro se.
Letitia James, Attorney General, New York City (Dennis A. Rambaud of counsel), for respondent.

Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed January 5, 2023, which ruled that claimant was disqualified from receiving unemployment insurance benefits because she separated from employment without good cause, and (2) from a decision of said Board, filed January 8, 2024, which, upon reopening and reconsideration, adhered to its prior decision ruling that claimant was disqualified from receiving unemployment insurance benefits.
In September 2021, pursuant to a state regulation (see 10 NYCRR former 2.61), claimant, a registered nurse for the employer, was informed by the employer that she, along with all hospital and healthcare workers, was required to be vaccinated against COVID-19 by a specified date to continue her employment absent a medical or religious exemption. Claimant did not comply with that directive and was, consequently, suspended without pay and provided with a notice of discipline proposing termination of her employment. Claimant then requested a religious exemption predicated upon her beliefs as a practicing Muslim. Claimant's request was denied because she "failed to demonstrate a sincerely held religious belief, practice or observance that is in conflict with the COVID-19 vaccination requirement," and her employment was ultimately terminated. When claimant applied for unemployment insurance benefits, the Department of Labor issued an initial determination finding, among other things, that claimant was disqualified from receiving unemployment insurance benefits because she had voluntarily separated from her employment without good cause. That determination was sustained after a hearing before an Administrative Law Judge and then upheld by the Unemployment Insurance Appeal Board in a January 2023 decision, from which claimant took an appeal.
During the pendency of that appeal, the Board reopened its decision pursuant to Labor Law § 534 and remanded the matter for a hearing to address, among other things, claimant's contention that her sincerely held religious beliefs prevented her from receiving the COVID-19 vaccination. Following a November 2023 remand hearing at which claimant provided additional testimony, the Board, in a January 2024 decision, affirmed the denial of benefits, concluding that claimant failed to demonstrate that her noncompliance with the vaccination mandate was rooted in a sincerely held religious belief and that her voluntary separation from her employment was therefore without good cause. Claimant appeals from the January 2024 decision.[FN1]
We affirm. "Whether a claimant has good cause to leave employment is a factual issue for the Board to resolve, and its determination will be upheld if supported by substantial evidence, notwithstanding evidence in the record that might support a contrary conclusion" (Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d 1121, 1122 [3d Dept 2025] [internal quotation marks and citation omitted]; see Matter of Smith[*2][Roswell Park Cancer Inst. Corp.-Commissioner of Labor], 227 AD3d 1344, 1345 [3d Dept 2024]). Likewise, whether a claimant's conduct is motivated by sincerely held religious beliefs or is based upon secular convictions is a question for the Board (see Frazee v Illinois Dept. of Employment Security, 489 US 829, 833 [1989]; United States v Seeger, 380 US 163, 185 [1965]; Matter of Ocasio [City Sch. Dist. of the City of N.Y.-Commissioner of Labor], 237 AD3d 1412, 1414 [3d Dept 2025]).
In her October 2021 written religious exemption request, claimant stated that she did not want to "alter [her] God-given immune system and cause bodily harm, such as [by] being forced to take the COVID-19 vaccine, as [it] conflict[s] with [her] sincerely held [religious] belief," and that she entrusted her health and wellbeing to "Allah Subhana, Wa Ta[']llah." When asked at the initial September 2022 hearing about how her religion requires that she refuse the COVID-19 vaccine, claimant testified that her religion forbids her from putting anything in her body that is harmful, such as alcohol. She stated that, at the time of the vaccine mandate, there was no "safety data" available regarding the potential adverse effects of the COVID-19 vaccine. At the November 2023 remand hearing, claimant testified that, as a Muslim, she is required to "preserve life" and reiterated how she should refrain from taking anything potentially harmful. In her view, that prohibition included the COVID-19 vaccine, which claimant classified as an experimental drug with unclear risks and/or benefits regardless of whether it had been approved by the Food and Drug Administration. Claimant admitted that she and her children had received other vaccinations in the past, including vaccines for polio and tuberculosis, but distinguished those interventions based upon their years of development and use. Claimant testified that she even spoke with her religious counsel, who confirmed that if she was "having doubt about doing something between harm and good, [she has] to abstain from it."
The Board found that the expressed reasons for claimant's refusal to obtain the COVID-19 vaccine — her view that the vaccine was experimental, potentially harmful, ineffective and unsupported by adequate data — were personal and secular and not based upon sincerely held religious beliefs. Deferring to the Board's assessment of claimant's credibility, and "notwithstanding evidence in the record that might support a contrary conclusion," substantial evidence supports the Board's finding that claimant left her employment without good cause (Matter of Parks [Commissioner of Labor], 219 AD3d 1099, 1100 [3d Dept 2023], lv denied 41 NY3d 910 [2024]; see Labor Law § 593 [1]; Matter of Ocasio [City Sch. Dist. of the City of N.Y.-Commissioner of Labor], 237 AD3d at 1415-1416; Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d at 1122). Claimant's remaining contentions are either not properly raised [*3]in this proceeding or lack merit.
Garry, P.J., Aarons, Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that the appeal from the January 5, 2023 decision is dismissed, as moot, without costs.
ORDERED that the January 8, 2024 decision is affirmed, without costs.

Footnotes

Footnote 1: Inasmuch as the Board's January 2024 decision rescinded the Board's prior January 2023 decision, the appeal from the January 2023 decision is moot and must be dismissed (see Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d 1121, 1122 n 1 [3d Dept 2025]; Matter of McCrea v City of Buffalo, 209 AD3d 1253, 1254 [3d Dept 2022]; Matter of Ford [Commissioner of Labor], 12 AD3d 955, 955 [3d Dept 2004]).