Matter of Guzman (Saint Joseph's Med. Ctr.--Commissioner of Labor) (2025 NY Slip Op 05019)

Matter of Guzman (Saint Joseph's Med. Ctr.--Commissioner of Labor)

2025 NY Slip Op 05019

Decided on September 18, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 18, 2025

CV-23-0489
[*1]In the Matter of the Claim of Martin Guzman, Appellant. Saint Joseph's Medical Center, Respondent. Commissioner of Labor, Respondent.

Calendar Date:August 29, 2025

Before:Aarons, J.P., Ceresia, Fisher, McShan and Powers, JJ.

Martin Guzman, Bronx, appellant pro se.
Kaufman Borgeest & Ryan LLP, New York City (Joan M. Gilbride of counsel), for Saint Joseph's Medical Center, respondent.
Letitia James, Attorney General, New York City (Dawa Jung-Acosta of counsel), for Commissioner of Labor, respondent.

Appeals (1) from a decision of the Unemployment Insurance Appeal Board, filed August 22, 2022, which ruled that claimant was disqualified from receiving unemployment insurance benefits because he separated from employment without good cause, and (2) from a decision of said Board, filed February 1, 2024, which, upon reopening and reconsideration, adhered to its prior decision.
In early September 2021, pursuant to a state regulation (see 10 NYCRR former 2.61), claimant was informed by his employer, a behavioral health facility, that he was required to be vaccinated against COVID-19 by a specified date to continue his employment. Claimant thereafter submitted a written request for a religious exemption from the vaccination requirement predicated upon his Lukumi (Santeria) religious beliefs. Upon the employer's request, claimant also submitted a letter of support from a religious authority at his local temple. Claimant's religious exemption request remained pending due to related federal litigation (see We The Patriots USA, Inc. v Hochul, 17 F4th 266 [2d Cir 2021], clarified 17 F4th 368 [2d Cir 2021], cert denied 596 US ___, 142 S Ct 2569 [2022]), and, in November 2021, the employer ultimately informed claimant that he was required to receive at least one dose of a COVID-19 vaccine by November 29, 2021 in order to maintain his employment. When claimant failed to provide proof of vaccination by the required deadline, his employment ended, and claimant filed an application for unemployment insurance benefits, effective November 29, 2021. The Department of Labor issued an initial determination finding, among other things, that claimant was disqualified from receiving unemployment insurance benefits because, among other reasons, he had voluntarily separated from his employment without good cause. After a hearing, an Administrative Law Judge sustained the initial determination denying claimant benefits. That decision was upheld by the Unemployment Insurance Appeal Board in an August 2022 decision, from which claimant took an appeal.[FN1]
In 2023, during the pendency of that appeal, the Board reopened its decision sua sponte pursuant to Labor Law § 534 and remanded the matter for a hearing to "address and examine . . . claimant's contention that his sincerely held religious beliefs and convictions prohibited him from receiving the COVID-19 vaccination mandated by the employer." Following a January 2024 remand hearing, the Board, in a February 2024 decision, affirmed the decision of the Administrative Law Judge, concluding that the evidence failed to establish that claimant's noncompliance with the employer's vaccination mandate was rooted in a sincerely held religious belief and that his voluntary separation from his employment was therefore without good cause, disqualifying him from receiving benefits. Claimant appeals from the February 2024 Board decision.[FN2]
We affirm. "Whether a claimant has good cause to leave employment is a factual issue for the Board to [*2]resolve, and its determination will be upheld if supported by substantial evidence, notwithstanding evidence in the record that might support a contrary conclusion" (Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d 1121, 1122 [3d Dept 2025] [internal quotation marks, brackets and citations omitted]; see Matter of Smith [Roswell Park Cancer Inst. Corp.-Commissioner of Labor], 227 AD3d 1344, 1346 [3d Dept 2024]). Similarly, whether a claimant's conduct is motivated by sincerely held religious beliefs or is based upon secular convictions is a question of fact for the Board (see Frazee v Illinois Dept. of Employment Security, 489 US 829, 833 [1989]; United States v Seeger, 380 US 163, 185 [1965]; Matter of Ocasio [City Sch. Dist. of the City of N.Y.-Commissioner of Labor], 237 AD3d 1412, 1414 [3d Dept 2025]).
In his written exemption request, claimant stated, among other things, that he has a moral duty to refuse the use of medical products, including certain vaccines, that are created from using fetal cell lines. He also asserted that his personal assessment of whether the benefits of a medical intervention outweigh its side effects must be respected, unless that assessment contradicts Lukumi moral teachings. The religious authority's letter of support explained that members of the Lukumi religion are prohibited from putting any unnatural chemicals into one's body, which is viewed as sacred. Claimant testified that his itan would prohibit him from receiving any "unnatural chemicals" or "experimental medication[s]," which he posited included the COVID-19 vaccine.
Claimant's request letter indicated, however, that he may receive vaccines derived from fetal cell lines under case-specific conditions, if there are no other alternatives available and the intent is to preserve life. Claimant expressed concerns about possible side effects and that the vaccine would interact with his DNA and could make him vulnerable to other health problems. Claimant further explained that if he knew the vaccine was 100% safe and effective at preventing COVID-19 transmission or infection, he would have obtained it. Given the foregoing circumstances, and deferring to the Board's credibility assessments and the inferences to be drawn from claimant's testimony and submissions, substantial evidence supports the Board's finding that claimant's reasons for noncompliance with the vaccine mandate were personal and secular, and not based upon sincerely held religious beliefs and, thus, he left his employment without good cause (see Labor Law § 593 [1]; Matter of Glowatz [City of New York-Commissioner of Labor], 240 AD3d 1091, 1093 [3d Dept 2025]; Matter of Cooper [Commissioner of Labor], 239 AD3d 1209, 1210 [3d Dept 2025]; Matter of Monturo [Commissioner of Labor], 239 AD3d 1206, 1207-1208 [3d Dept 2025]). Claimant's remaining contentions are either not properly raised in this proceeding or lack merit.
Aarons, J.P., Ceresia, Fisher, McShan and [*3]Powers, JJ., concur.
ORDERED that the appeal from the August 22, 2022 decision is dismissed, as moot, without costs.
ORDERED that the February 1, 2024 decision is affirmed, without costs.

Footnotes

Footnote 1: Claimant's application for reopening and reconsideration of the Board's August 2022 decision was denied by the Board in a November 2022 decision.

Footnote 2: Inasmuch as the Board's February 2024 decision rescinded the Board's prior August 2022 decision, the appeal from the August 2022 decision is moot and must be dismissed (see Matter of Cosma [Memorial Sloan Kettering Cancer Ctr.-Commissioner of Labor], 236 AD3d 1121, 1122 n 1 [3d Dept 2025]; Matter of McCrea v City of Buffalo, 209 AD3d 1253, 1254 [3d Dept 2022]; Matter of Ford [Commissioner of Labor], 12 AD3d 955, 955 [3d Dept 2004]).